## MILLER *v.* STATE.

Decided November 28, 1891.

*Liquor—Gift to minor.*

> Where, in compliance with another's request to pass a bottle of whisky, defendant in the dark handed it to a bystander unknown to him, and a minor in the crowd drank from the bottle, it was error to instruct the jury that "every person who assisted to pass the bottle would be guilty of the offense" of giving liquor to a minor; whether defendant delivered the bottle directly or intermediately to the minor, he would not be guilty in either case unless such delivery was made consciously or intentionally for the minor's use, and not mechanically.

APPEAL from *Franklin* Circuit Court, Ozark District.
HUGH F. THOMASON, Judge.

*J. V. Bourland* for appellant.

There was no *gift* in the meaning of the statute. 3 Wait's Ac. & Def., p. 487. It was error to instruct the jury that the mere passing the bottle constituted an offense.

*W. E. Atkinson*, Attorney General, and *Charles T. Cole-man* for appellee.

The ownership of the liquor is immaterial. A criminal intent is not essential to the offense. One must know to whom he sells or gives. All persons who aid, abet or procure the sale or gift to minors are guilty. as principals. 62. Ala., 168; 36 Ark., 61; 13 *id.*, 696; 98 Mass., 6; 61 Ala., 75; 37 Ark., 219; *ib.*, 399; 45 *id.*, 361.

MANSFIELD, J. This appeal is from a conviction under the act of April 6, 1889, amending section 1878 of the digest. The amended statute is as follows: "Any person who shall sell or give away, either for himself or another, or be interested in the sale or giving away of any ardent, vinous, malt, or fermented liquors, or any compound or preparation thereof called tonics, bitters, or medicated whisky, to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty nor more than one hundred dollars."

The indictment charges that the defendant gave one pint of intoxicating liquor to R. M. Milton, a minor, without the consent of the latter's parent or guardian. The evidence on the part of the State is not set out in the bill of exceptions, which merely states that the evidence tended to show that the defendant gave to Milton a drink of whisky. The evidence on the part of the defendant consisted of his own testimony which, according to an abstract of it conceded to be correct, was to the effect that on a certain night he was at the place of one Kelley in company with eight or ten persons; that it was very dark, and one of the persons handed him a bottle of whisky and asked him if he would take a drink; that, on his declining to drink, the person from whom he received the bottle told him to hand it to the person next to him, which he did, without knowing who such person was; that this was the only time he had the bottle in his hands, and that he did not know whether Milton got the

bottle or drank of it; that the whisky did not belong to him, and that he passed it to the next person by way of complying with the request made at the moment, and as he would have handed any other article at the request of another in a crowd; that he does not use whisky, and had none on the occasion referred to. Milton, who was a witness for the prosecution, and the defendant agreed in stating that they had not met within one year next before the finding of the indictment at any time or place other than that mentioned in the testimony of the defendant.

The only exception reserved at the trial, which it is necessary to consider, was to the giving of the following instruction to the jury: " If you find from the evidence that a person other than the defendant presented a bottle of whisky to a crowd of persons in which witness Milton, a minor, was standing, and that such person ordered the bottle generally to be passed around to members of the crowd that they might partake thereof, and that the defendant took the bottle, passed it on into the crowd, and the witness Milton, who was a minor, received the bottle and drank of it, whether from 'the hands of the defendant or another person, every person who assisted to pass the bottle would be guilty of the offense, and you should convict defendant."

All persons who participate in the commission of a misdemeanor are regarded as principal offenders. It was not, therefore, necessary to a conviction of the defendant to prove that he was the owner, or had the possession or control of the liquor charged to have been given away. It was sufficient to show that the gift was made by a third person, and that defendant procured or aided the donor to make it. *Foster* v. *State*, 45 Ark., 361.

The offense charged belongs to a class of statutory offenses of which a criminal or evil intent is not an essential element. In such cases the offense is committed by intentionally doing the act forbidden by the statute. Bishop, Stat. Crimes, secs. 596, 1023. And where that act is the sale or gift of liquors to a minor, the defendant cannot excuse himself by show-

ing that he acted upon information or belief that the vendee
or donee was of full age. *Redmond* v. *State*, 36 Ark., 58 ;
*Edgar* v. *State*, 37 Ark., 219. On a prosecution for such
sale or gift the State makes a *prima facie* case against the
accused by proving the delivery of intoxicating liquors to
the minor, unless the evidence on the part of the State shows
that the liquor was delivered " for the known use of an
adult." *Wallace* v. *State*, 54 Ark., 542. In Wallace's case
the court held that the delivery of liquor to the minor, in pur-
suance of a sale to an adult, is neither a sale nor a gift to
the minor, within the meaning of the statute. It follows
that the delivery of liquor to a minor is only evidence of a
sale or gift to him which may be rebutted by proof adduced
on the part of defendant. And so in a prosecution against
one other than the vendor or donor, where the State relies
upon facts tending to show a participation in the unlawful
sale or gift by aiding in the delivery of the liquor, it may be
shown that an act apparently done in furtherance of such
delivery was not consciously or intentionally done.

The hypothetical case stated by the court's charge in-
cludes, not only a direct delivery of the whisky to Milton by
the defendant, but also a delivery made by a person who had
received it, not directly from the defendant, but after it had
passed through a number of intermediate hands. In the
latter case it is clear that the jury should have been permit-
ted to inquire whether the defendant, in doing the act relied
upon to prove a delivery by him, contemplated that part of
the whisky should thus be given to Milton, or realized that
such would be the probable effect of his act. And if the
evidence was such as to satisfy the jury that the bottle
passed directly from the hands of the defendant into those
of Milton, it was still, under the peculiar circumstances of
the case, a question for the jury whether it was the purpose
of the defendant to deliver the whisky to Milton for the lat-
ter's use. The jury might as a matter of fact presume the
existence of such purpose from the act of placing the bot-
tle in Milton's hands, unless they believed that the act of

the defendant in receiving and passing the bottle was merely mechanical. But the instruction objected to makes the mere act of the defendant in passing the bottle conclusive evidence that he aided in the gift of the whisky to Milton. This was error, and we cannot say, from anything contained in the record, that it was not prejudicial to the defendant.

The judgment is therefore reversed, and the cause is remanded for a new trial.