DICKSON v. STATE.

4932                                    323 S. W. 2d 432

Opinion delivered April 27, 1959.

*Robinson & Robinson,* for appellant.

*Bruce Bennett, Atty. General, by Ancil M. Reed, Asst. Atty. General,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, W. S. Dickson, was tried on a charge of assault with intent to kill and was convicted of aggravated assault. On appeal he contends there is no substantial evidence to support the verdict and that the court erred in not following the jury's recommendation that the jail sentence of six months be suspended. On the evidence the jury was justified in reaching a finding of facts as follows:

The assault occurred in Stamps, Arkansas, on the 6th day of March, 1958. Previous to that time Mr. Frank Burke, 68 years of age, Mayor of Stamps, had fined appellant Dickson's son for operating an automobile without a State license; also previous to that time Mayor Burke had fined one Andrew Minter for assault made upon another person, and Minter had made threats against the Mayor by reason of Minter's having been found guilty by the Mayor. On the 6th day of March,

Dickson and Minter went to the Mayor's office for the purpose of inflicting injury upon the Mayor or killing him. A short time before they went to the city hall, Dickson was seen with a pistol. When they got to the city hall, Dickson proceeded to strike and beat the Mayor. There is no direct evidence that Dickson used a dangerous weapon, but the Mayor was dazed by the blows and was unable to state whether any weapons were used. Mr. Walters, who was in the Water Company office down the hall from where the attack on the Mayor was being made, went to the Mayor's assistance and grabbed Dickson's arms from the back and forced him down the hall into the Water Company office, leaving the Mayor in the hallway with Minter. After Walters got Dickson into the Water Company office, he heard a thud and went back into the hallway, and the Mayor was on the floor bleeding profusely from the head. Mayor Burke was severely injured; he was knocked unconscious. He was taken to the hospital in Shreveport, where he remained for eight days, then returned to his home at Stamps for a couple of days, but then had to go to the hospital at Lewisville, where he stayed 10 or 12 days.

All persons who participate in the commission of a misdemeanor are punishable as principles. *Crocker* v. *State,* 49 Ark. 60, 4 S. W. 197; *Miller* v. *State,* 55 Ark. 188, 17 S. W. 719. Both Minter and appellant Dickson were convicted of aggravated assault; only Dickson has appealed. By the verdict of aggravated assault the jury found the defendant not guilty of assault with intent to kill. The question is whether the evidence is sufficient to sustain the aggravated assault conviction. Where there is no evidence that the assault is made with a deadly weapon, instrument or other thing, the defendant cannot legally be convicted of an aggravated assault, under the statute. Ark. Stat. § 41-605. The shoes which a person wears as a part of his ordinary apparel are not deadly weapons, within the meaning of the statute relative to aggravated assault. *Wilson* v. *State,* 162 Ark. 494, 258 S. W. 972. Here there is no direct evidence that a deadly weapon of any kind was used in making the assault upon Mayor Burke, but the nature of the injuries

he received is circumstantial evidence of the fact that some kind of a weapon was used. The victim received a terrific brain injury, causing unconsciousness, a rupture of the ear drum, and profuse bleeding from the ear, and appellant was seen with a pistol a short time before he and Minter went to the city hall to make the attack upon the Mayor. When all these circumstances are considered, we think the evidence is sufficient to sustain the finding of the jury that a deadly weapon was used. Moreover, Dickson and Minter were not arrested until some time after the attack, and they had ample opportunity to dispose of any weapon that may have been used.

The jury returned a verdict of $100 fine and ''six months suspended sentence''. At that point the court made it clear to the jury that the court was not compelled to accept the recommendation of the jury as to suspending the sentence; the court polled the jury and asked the members if they had known that the court would not follow the recommendation, would that have made any difference in the verdict; one juror answered in the affirmative. The court then sent the jury back for the purpose of reaching a verdict. Again the jury returned the same verdict and reported that it was unanimous. The jury clearly understood that the court was not compelled to accept the recommendation of a suspended sentence. And, the court did not follow the recommendation and unconditionally suspend the sentence. However, the court did determine that Mayor Burke had medical and hospital expenses of $962.66 growing out of the injuries received; that only $230 of this amount was covered by insurance; and ordered that the six months jail sentence be suspended upon Burke's being reimbursed in the sum of $732.66 for his hospital and medical expenses.

Ark. Stat. § 43-2324 provides: ''Whenever, in criminal trials in circuit court, . . . a verdict of guilty shall have been rendered, the judge trying the case shall have authority . . . to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to the probation

of the person convicted, the restitution of the property involved, . . .''

We cannot say the court's action in conditioning the supended sentence on Mayor Burke's being reimbursed for his medical and hospital expenses is improper or unreasonable.

Affirmed.