POTLATCH FORESTS v. FUNK.

5-3550                                         389 S. W. 2d 237

Opinion Delivered April 19, 1965.

*Williamson, Williamson & Ball,* for appellant.

*Wendell O. Epperson,* for appellee.

FRANK HOLT, Associate Justice. This is a workmen's compensation case. Appellee's claim for compensation was denied by the referee. Upon review the full commission allowed appellee's claim. The circuit court affirmed the award by the commission.

For reversal the appellant first contends there was insuffient evidence to support the commission's finding that the appellee sustained an accidental injury which arose out of and in the course of his employment. When the sufficiency of the evidence is questioned we review the findings of the commission and if there is any substantial evidence to support the findings it is the duty of the circuit court and this court to affirm. *Rannals* v. *Smokeless Coal Co.,* 229 Ark. 919, 319 S.W. 2d 218.

Appellee testified that as an employee of appellant his duties required heavy lifting; that he first noticed his alleged injury on October 2, 1962; that when it got worse the next day he complained to the floor supervisor and the assistant foreman who advised him it might be due to kidney trouble or a "pulled muscle". He was permitted to leave his job that afternoon and see a local physician who

administered ultra sonic treatment and other medication. Appellee testified he returned to work the next day, although his back was still hurting him, and inquired of his floor supervisor about workmen's compensation. He was again referred to the assistant foreman at which time appellee told him, ''I hurt my back while I was working on the tenon machine the other day and I wanted to know about workmen's compensation.'' The foreman advised appellee that he doubted his claim for workmen's compensation would be successful because appellee failed to report the injury when he had first noticed it two days previous. Appellee continued working until the middle of November when ''the pain in my leg existed pretty bad, so that I couldn't hardly stand it.'' He then consulted Dr. Marsh locally who diagnosed his condition as a ruptured disc and referred him to a Little Rock specialist. Instead appellee, nineteen years of age, preferred to go to his home in Malvern where his father took him to see Dr. Wise. He agreed with the findings of Dr. Marsh and referred appellee to Dr. Christian, an orthopedic specialist in Little Rock. Dr. Christian hospitalized him in traction for about ten days and when appellee did not respond satisfactorily a myelogram confirmed the diagnosis of a ruptured disc. In January 1963 Dr. Christian corrected the ruptured disc by surgery. Appellee was again hospitalized the latter part of March. As of the date of the hearing before the full commission in July 1963 he was still unable to work according to Dr. Wise. Dr. Christian testified that in his opinion claimant's condition resulted from his employment with appellant.

According to appellee he had never suffered any previous discomfort with his back. When appellee started to work for appellant in August 1962 a required physical examination disclosed nothing wrong with appellee. Several of appellee's co-workers testified they had known appellee many years and had never heard him complain about any pain in his back or leg until and following the date of his alleged injury. We think there is ample evidence to sustain the finding of the commission that appellee's injury arose out of and in the course of his employment.

Appellant next contends that there was insufficient evidence to support the commission's finding that the appellant had not been prejudiced by lack of notice of the alleged compensable injury. We do not agree. Ark. Stat. Ann. § 81-1317 (Repl. 1960) provides that written notice of an injury shall be given to the employer within sixty days after the date of the injury. Subsection (c) reads in part:

"Failure to give such notice shall not bar any claim (1) if the employer had knowledge of the injury or death, (2) if the Commission determines that the employer has not been prejudiced by failure to give such notice, * *."

Our law is well settled that our Workmen's Compensation Act is to be liberally construed and any doubt resolved in favor of the claimant. *McGehee Hatchery* v. *Gunter,* 237 Ark. 448, 373 S.W. 2d 401; *Parrish Esso Service Center* v. *Adams,* 237 Ark. 560, 374 S.W. 2d 468. Appellant's floor supervisor and assistant foreman had knowledge of appellee's complaint one day after appellee noticed the discomfort in his back. On that day he was permitted by the assistant foreman to seek medical attention. Further, the matter of group insurance coverage was discussed about one month later with appellant's personnel manager, or well within the prescribed sixty days. Thus, the employer had timely knowledge of claimant's alleged injury within the meaning of the statute since the claimant reported his injury as best he knew it. *Harris Motor Co.* v. *Pitts,* 212 Ark. 145, 205 S.W. 2d 21; *Triebsch* v. *Athletic Mining & Smelting Co.,* 218 Ark. 379, 237 S.W. 2d 26.

The commission found that the lack of formal notice, if any, was not prejudicial to appellant and we think there is substantial evidence to support this finding since the employer had knowledge of the disability. *Gunn Distributing Co.* v. *Talbert,* 230 Ark. 442, 323 S.W. 2d 434. Another answer to appellant's contention relating to lack of notice is that the appellant made no objection at or before the first hearing. Ark. Stat. Ann. § 81-1317.

The appellant next urges for reversal that there was insufficient evidence to support the commission's finding

that appellee was entitled to payment for his reasonable medical and hospital expenses incurred in the past or which may be incurred in the future as a result of the alleged compensable injury and that the commission acted in excess of its powers in making such finding. The main thrust of appellant's argument is that appellee did not secure prior authorization for these medical expenses. Ark. Stat. Ann. § 81-1311 (Repl. 1960) requires that the employer provide promptly for an injured employee's necessary medical services. The appellee received a compensable back injury for which hospital and medical treatment became necessary. The employer had ample opportunity to investigate appellee's complaint and offer the needed medical services. According to the assistant foreman, he did not issue a medical slip, customarily issued to employees, since appellee was unwilling to say absolutely his "back soreness" was the result of his employment. By refusal of this medical slip appellant was in effect failing to provide the medical attention required by our statute. In the case at bar the appellee was justified in seeking on his own initiative medical assistance for which he is entitled to reimbursement. *Caldwell* v. *Vestal,* 237 Ark. 142, 371 S.W. 2d 836. It cannot be said that the commission acted in excess of it power in finding that appellant is required to furnish appellee past and future reasonable medical expenses.

Appellant's final contention is that the commission committed prejudicial error by requesting and admitting into evidence an opinion of Dr. Christian in the form of a letter. We find no merit in this contention. Dr. Christian subsequently appeared as a witness. Appellant availed itself of the opportunity by cross-examination to develop all phases of its theory of the case. Furthermore, the commission has broad discretion with reference to the admission of evidence under our Workmen's Compensation Act. Ark. Stat. Ann. § 81-1327. Dr. Christian's opinion that the nature and type of appellee's injury was causally connected with his work was similar to appellant's own expert witness, Dr. Marsh, who had examined the appellee. Dr. March testified that appellee's alleged injury was com-

patible with the type of work performed by the appellee. The admission of Dr. Christian's opinion as requested by the commission was not prejudicial to appellant.

We are of the view that there is substantial competent evidence to support the findings of the full commission in all particulars.

Affirmed.

HARRIS, C. J., not participating.