William A. DAVIS *v.* C & M TRACTOR COMPANY and TRI-STATE INSURANCE COMPANY

CA 81-61                                    627 S.W. 2d 561

Court of Appeals of Arkansas
Opinion delivered February 3, 1982
[Rehearing denied March 3, 1982.]

*Henry N. Means, III,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

GEORGE K. CRACRAFT, Judge. This is an appeal by William A. Davis from a decision of the Arkansas Workers' Compensation Commission denying him benefits under the Arkansas Workers' Compensation Act. The appellant contended that he was involved in a one vehicle accident on April 18, 1978, that the accident resulting in his injury was due to an unknown cause and that as a result of that accident he was totally disabled. The Commission found from a preponderance of the evidence that the claimant's accidental injury was substantially caused by his intoxication and denied him benefits under Ark. Stat. Ann. § 81-1305 (Repl. 1976).

In this appeal the appellant maintains (1) that the Commission erred in receiving into evidence the alcohol analysis made of a blood sample taken on the day of the accident, (2) that there was no substantial evidence to support the finding that appellant's injury was substantially occasioned by his own intoxication and (3) that the appellee-employer was estopped by his prior knowledge of the appellant's drinking habits to raise the defense of his intoxication. We address these points of error in the order in which they were advanced and cite only that evidence which is deemed necessary for an understanding of our holding with respect to each such point.

I.

Prior to the conclusion of the hearing before the Administrative Law Judge the appellee offered in evidence the results of a blood test made of a sample of appellant's blood which showed an alcohol blood level in excess of .238. The appellant objected to its introduction on the ground that the report was "unverified and did not show the time the sample was taken and was incompetent evidence of intoxication at the time of the accident." No objection as to the chain of custody of the sample, the manner in which the tests were made or any other matter in connection with the blood test was stated. At that time the parties indicated that a deposition was "being set up" in which the objectionable deficiency could be explored by counsel. The Administrative Law Judge inquired as to whether the deposition of the

"technician at Rebsamen Hospital or whoever made the laboratory tests was to be taken." The appellant's counsel responded "No," indicating that he desired only the deposition of a doctor at that hospital.

The deposition of Dr. Janet Hale was subsequently taken at Rebsamen Hospital in which she testified that the blood sample was drawn by her on the date of the accident "immediately after appellant's arrival at the hospital," and that the alcohol blood level was shown to be .238, a level at which one could certainly be intoxicated and manifesting signs of impaired depth perception and reflex, sedation and sleep. She stated that the alcohol level would make it dangerous for the average person to drive the vehicle because of these impairments. The test was not made at the Rebsamen Hospital but in an outside laboratory. Although the record did not reflect the time the sample was taken Dr. Hale testified positively from her own memory that it was taken "shortly after his arrival at the hospital." The report introduced into evidence and from which Dr. Hale testified was part of appellant's medical records at the hospital.

In *Holstein* v. *Quality Excelsior Coal Co.*, 230 Ark. 758, 324 S.W. 2d 529 (1959) and *Rhea* v. *M-K Grocer Co.*, 236 Ark. 615, 370 S.W. 2d 33 (1963), our court upheld an expert's statement of opinion based on a patient's medical history and hospital records stating that these documents were "undoubtedly admissible under the statutes governing compensation cases. Ark. Stat. Ann. § 81-1323 et seq. (1947)."

Appellant further contends, however, that the record is insufficient to show that the test was properly conducted as neither the technician making the test nor anyone else handling the sample was subjected to cross-examination. In *St. Paul Ins. Co.* v. *Touzin,* 267 Ark. 539, 592 S.W. 2d 448 (1980), the court discussed fully the admissibility of such test in the following analysis:

> The Court of Appeals, for two reasons, was mistaken in holding that the insurance carrier had not laid a sufficient foundation for the introduction of the results of the blood-alcohol test.

First, the compensation law provides that the Commission is not bound by technical rules of evidence or procedure, but may 'conduct the hearing in a manner as will best ascertain the rights of the parties.' § 81-1327, *supra*. Professor Larson discusses at length the cases construing such provisions in workers' compensation statutes. He concludes that the fact finders are expected to adhere to basic rules of fair play, such as recognizing the right of cross-examination and the necessity of having all the evidence in the record. On the other hand, a compensation commission undoubtedly has expertise much superior to that of a jury in weighing the testimony and should therefore be left to determine the probative value of hearsay testimony and other proof that might not be admissible in a court of law. Larson, Workmen's Compensation Law, §§ 79.00 and 79.80 — 79.84 (1976). The admissibility of the blood-alcohol test falls in the latter category.

Here the Commission, with the leeway conferred by the compensation law, certainly conducted the hearing in such a manner as to best ascertain the rights of the parties. Only four persons had any part in the blood-alcohol test: Officer Bailey, who ordered it, a licensed physician, a registered nurse, and an experienced technologist whose qualifications were shown. All four testified and were cross examined. The machine had been approved and was constantly kept in proper calibration. The Commission was fully justified in finding that the test results had probative value.

Second, the testimony would have been admissible even under the more strict rules that prevail in a court of law. The statutes regulating blood-alcohol tests are primarily intended for criminal cases, but they are pertinent when such a test is used in civil litigation. *Newton* v. *Clark*, 266 Ark. 237, 582 S.W. 2d 955 (1979). Even in criminal cases, however, substantial compliance with the statute and with Health Department rules is all that is demanded. *Munn* v. *State*, 257 Ark. 1057, 521 S.W. 2d 535 (1975).

In this opinion the court placed reliance on the expertise of the Commission in determining the probative value of such evidence and limits restriction on the admission of such evidence by the expectation that the Commission will adhere to basic rules of fair play and that substantial compliance with the statutes is all that is required. The record shows that the Administrative Law Judge did adhere to those principles in the case now under review. The appellant was afforded the opportunity to depose and cross-examine any persons connected with that blood test and was specifically afforded that opportunity with respect to the technician who performed it. He declined that offer and elected to depose only the doctor who drew the blood sample. Under the circumstances reflected in this record we find no error in the admission and consideration by the Commission of the blood test in question.

## II.

Appellant contends that the finding of the Commission that his injury was substantially occasioned by his intoxication is not supported by substantial evidence. We do not agree.

Ark. Stat. Ann. § 81-1305 (1976) provides in part as follows:

[T]here shall be no liability for compensation under this Act [§§ 81-1301 — 81-1349] where the injury or death from injury was substantially occasioned by intoxication of the injured employee . . . .

The testimony makes it clear that the appellant consumed large amounts of alcohol each day and had followed that pattern daily for at least the past fifteen years. He was injured in a one vehicle accident on a highway leading to his home with which he was quite familiar. The police officer who investigated the accident found him lying unconscious, on his back on the floorboard of the truck. He found a fifth of whiskey lying on the floorboard on the driver's side of the truck which had been approximately three-quarters consumed. The bottle was not broken and was capped and there

were several old beer cans in the back of the vehicle. The tow truck operator testified that he smelled alcohol in the cab of the appellant's truck and saw the fifth of whiskey referred to above. The police officer testified that he smelled alcohol on the appellant's breath and that he did not find any wet marks on the seat of the vehicle which would indicate that the liquor had been spilled. The ambulance driver testified that he smelled liquor at the scene of the accident.

The officers testified that the vehicle was damaged on its right front. There were no skid marks or marks found on the asphalt pavement. The tire marks in the grass and in the ditch were in a straight line. There were no marks indicating a swerving which would follow a blowout prior to the truck leaving the pavement. The tow truck operator, who also ran a tire store, testified that the right front tire was weak and had blown out prior to the accident. However, an expert testified that upon inspecting the tire it was his opinion that the damage to the wall of the tire did not cause the accident but resulted from the accident. He testified that a small hole in the tire did not cause a blowout. Immediately after the accident the appellant was taken to the Rebsamen Hospital in Little Rock where a blood sample was taken which upon testing proved that his blood-alcohol level was .238 which as previously stated indicated a high degree of intoxication. The Administrative Law Judge and the Workers' Compensation Commission both found that this evidence preponderated heavily in favor of the finding that the claimant's accidental injury was substantially caused by his intoxication.

This court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and to give the testimony its strongest probative value in favor of the order of that Commission. The burden of proof is on the appellant's employer to show by a preponderance of the evidence that the appellant's injury was substantially occasioned by intoxication, and it is the function of this court to determine whether there is any substantial evidence to support the Commission's finding. The Commission was the fact finding agency and it was justified in finding that the appellant's injury was sub-

stantially caused by his intoxication. *Country Pride et al* v. *Holly*, 3 Ark. App. 216, opinion delivered November 25, 1981.

The appellant further maintains that even if the finding of the commission that the injury was substantially caused by appellant's intoxication be sustained, we should hold the employer estopped by his acquiescence to assert that defense. In support of that position he cites *Larson Workmen's Compensation Law* § 34.35 and cases cited in that work holding that an employer may be estopped to raise the defense of intoxication if he helped to cause the episode, participated in it or with knowledge of the intoxication permitted his employee to continue to work in that condition. We see no merit to this contention as applied to the facts before us for review.

The employer testified that while he was aware that appellant drank intoxicants on a regular basis and had done so for the past fifteen years, he had no knowledge of how much he drank and had never seen him so influenced by alcohol that he could not perform his duties satisfactorily or drive and control a vehicle. He had no knowledge that appellant was intoxicated on the date of the accident or at the time the accident occurred. Reviewing the testimony most favorable to the finding of the Commission, the Commission could, and did find that the employer did not know that appellant was intoxicated on the date of the accident and had no knowledge of his having previously consumed alcohol to such an extent as to affect his driving or ability to perform fully all of his duties satisfactorily. There was no evidence that the employer participated in any drinking sprees or that he knowingly permitted the appellant to continue to work in an intoxicated condition. Mere knowledge of his propensity to consume alcohol does not, in our opinion, estop the employer from raising the defense of intoxication under the circumstances presented by this record.

Affirmed.

MAYFIELD, C.J., concurs.

CORBIN, J., dissents.