James D. BREWER *v.* TYSON FOODS, INC. et al

CA 83-273                                        661 S.W.2d 423

Court of Appeals of Arkansas
Division I
Opinion delivered November 30, 1983

*Ronald C. McCann,* for appellant.

*Bassett Law Firm,* by: *Wm. Robert Still, Jr.,* for appellees.

Tom Glaze, Judge. In this Workers' Compensation case, the Commission denied appellant's claim for benefits. We do not reach appellant's contention that the Commission's findings and decision are not supported by substantial evidence because we reverse for another reason.

Appellee, Tyson Foods, initially accepted appellant's claim that he suffered a compensable back injury. It later denied benefits after learning appellant had suffered a back injury before working for Tyson, but had applied for employment with Tyson without disclosing his prior injury. Appellant subsequently filed his claim for benefits, but the administrative law judge, relying on *Shippers Transport of Georgia* v. *Stepp,* 265 Ark. 365, 578 S.W.2d 232 (1979), denied benefits, finding that appellant willfully misrepresented his physical condition, and that the misrepresentation was a substantial factor on which appellee relied in hiring appellant. The Commission reversed the judge's decision, holding it had misapplied the *Shippers Transport of Georgia* v. *Stepp* decision and remanded the case for further proceedings on the entitlement of benefits issue.

At the second hearing before the law judge, appellant's claim was again denied, but on this occasion the law judge considered two documents that had not previously been introduced into evidence. In fact, after the Judge conducted his final hearing in this case, he notified the parties that he intended to make the documents a part of the record and solicited their comments on the matter. In response, appellant objected, stating that the parties had agreed at the end of the last hearing that the record was complete; however, if the judge decided to admit the two documents into evidence, appellant requested a hearing to present additional evidence concerning them. The judge overruled appellant's objection, including his request for a hearing. In support of his ruling, the judge reasoned that the Commission was not bound by technical or statutory rules of evidence and

procedure, and besides, the documents had been in the Commission's file for two years, readily available to both the appellant and appellee. Upon its *de novo* review, the Commission affirmed the law judge's findings and denied appellant benefits.

The documents in question are a claim form and hospital insurance form; each has an "X" typed into a box indicating that appellant's injury was not related to his job at Tyson Foods. In its argument, Tyson admits the documents are relevant to the work-relation issue but contends the law judge and Commission did not rely on those documents in their decisions. We simply cannot agree with that contention. Neither the judge nor the Commission indicated they did not consider the documents in denying benefits to appellant, and in fact, they indicated just the opposite. The Commission conducted a *de novo* review, and we must presume it considered all the evidence in the record. Also, as was the law judge's, the Commission's decision was based, at least in part, on the credibility (or lack thereof) of the appellant's testimony. The documents clearly bore on that issue of credibility since the Commission apparently disbelieved appellant's story that he suffered his back injury while employed at Tyson.

We agree, of course, that the compensation law provides that the Commission is not bound by technical rules of evidence or procedure, but may "conduct the hearing in a manner as will best ascertain the rights of the parties." *St. Paul Insurance Co.* v. *Touzin,* 267 Ark. 539, 592 S.W.2d 447 (1980); and *Davis* v. *C & M Tractor Co.,* 4 Ark. App. 34, 627 S.W.2d 561 (1982); Ark. Stat. Ann. § 81-1327 (Repl. 1976). However, the fact-finders are expected to adhere to basic rules of fair play, such as recognizing the right of cross-examination and the necessity of having all the evidence in the record. *St. Paul Insurance Co.* v. *Touzin, supra.* Here, the appellant was effectively denied a hearing concerning the documents admitted and considered by the law judge and was thereby precluded from cross-examining the individuals who completed the two exhibits. It was only after the conclusion of the final hearing before the law judge that appellant was apprised that the two documents would

be considered in the judge's determination of appellant's claim for benefits. Although these two exhibits had been in the Commission's file, they had never been introduced or made a part of the record until the law judge's belated decision to admit them.

In *Potlatch Forests* v. *Funk*, 239 Ark. 330, 389 S.W.2d 237 (1965), the Supreme Court upheld the admission of a doctor's opinion letter, but it did so because the doctor subsequently appeared as a witness and the appellant was afforded the opportunity to cross-examine. In a later case, *Browning's Restaurant* v. *Kuykendall*, 263 Ark. 374, 565 S.W.2d 33 (1978), the Court rejected appellant's argument that the Commission erred in admitting into evidence a doctor's letter written subsequent to the findings of the administrative law judge; however, it found no merit in appellant's argument because the Commission specifically stated the doctor's letter was disregarded for the purposes of arriving at its decision.

As we have previously noted, appellant was denied any opportunity to cross-examine or to be heard concerning the two relevant documents. The Commission did not indicate, nor can we assume, that it did not consider these documents in reaching its decision. Therefore, we reverse and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

CRACRAFT and COOPER, JJ., agree.