2012 Ark. App. 7

**ST. JOSEPH'S MERCY MEDICAL CENTER and Sisters of Mercy Health System, Appellants**

v.

**Jimmie REDMOND, Appellee.**

**No. CA 11–705.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

---

**25.** Ark.Code Ann. § 9–27–341(a)(3).

Randy Phillip Murphy and Mark D. Wankum, Little Rock, AR, for appellant.

Laura Beth Corless York, Little Rock, AR, for appellee.

ROBERT J. GLADWIN, Judge.

Appellants St. Joseph's Mercy Medical Center and Sisters of Mercy Health System claim that the Arkansas Workers' Compensation Commission erred by awarding appellee Jimmie Redmond additional benefits and ignoring the change-of-physician rules found at Arkansas Code Annotated section 11–9–514 (Repl.2002). This is a second appeal following remand

by this court, *see St. Joseph's Mercy Health Center v. Redmond,* 2010 Ark. App. 629, 2010 WL 3685823, which directed the Commission to make factual findings for the application of the change-of-physician rules. The pivotal issue presented is whether, on remand, the Commission erred by not admitting and considering evidence proffered by appellants. We hold that the Commission did not err in denying the admission of evidence and affirm the award of additional benefits to Redmond.

As stated in our previous opinion, Redmond worked as a housekeeper for St. Joseph's hospital in Hot Springs, Arkansas. On April 15, 2008, he fell on a tile floor while at work. The evidence is uncontroverted that Redmond suffered a compensable injury to his right shoulder during the course and scope of his employment. He was treated at St. Joseph's on the date of the injury by Dr. Larry Ramsey, who diagnosed Redmond with a right-shoulder strain. Dr. Ramsey again saw Redmond on April 23, 2008, when he reaffirmed the diagnosis and noted that it was not resolving. Dr. Michael Atta, a physician in the same clinic, later examined Redmond and ordered an MRI. The MRI revealed a focul-full-thickness, partial-width distal supraspinatus tendon tear. Dr. Atta referred Redmond to an orthopedic surgeon and returned him to work with restrictions until he was able to see a surgeon.

Dr. Bruce Smith, an orthopedic surgeon, diagnosed Redmond with severe impingement and a possible rotator-cuff tear prior to surgery. Dr. Smith performed acromioplasty of the right shoulder on May 20, 2008. The postoperative diagnosis was a severe impingement of the right shoulder. Redmond returned to see Dr. Smith on May 30, June 16, June 30, July 14, and July 22, 2008. At the July 14, 2008 appointment, Dr. Smith determined that maximum benefit had been received and released Redmond to return to work without restrictions.

Redmond returned to see Dr. Smith on July 22, 2008, still having pain and difficulties with his shoulder. At this appointment, Dr. Smith noted that Redmond was not happy about being released to return to work and that he appeared unable to actively flex his elbow. Dr. Smith stated, "[W]e need to consider getting a second opinion and we will defer this to workman's comp, pending their approval, etc." At this point, appellants controverted the claim, including Dr. Smith's recommendation.

Redmond testified at the hearing that after being released to return to work, he complained continually to the human-resources department at St. Joseph's regarding his problems with his shoulder. He also testified that HR informed him that he would have to prove that he needed additional medical treatment beyond Dr. Smith's treatment, and told him to go to his own doctor. Redmond stated at the hearing that he sought approval from appellants to see Dr. Tucker. Appellants argue that by the time the approval was sought, Redmond had already changed physicians.

On July 22, 2008, Redmond went to see a physician of his choosing, Dr. Roy Puen. Dr. Puen's examination found that Redmond had a frozen shoulder, and he referred him to Dr. Paul Tucker. On August 8, 2008, Redmond saw Dr. Tucker, who observed that Redmond had swelling and thickening in his right hand and could not straighten his elbow. He also noted that Redmond had a nodule at the base of his thumb and some serious problems remaining in his right shoulder. Dr. Tucker restricted Redmond to light-duty work. Redmond testified that he spoke with both

HR and his manager, and they informed him that no light-duty work was available. Dr. Tucker saw Redmond again on September 12, 2008, when he noted visually apparent differences in Redmond's shoulders and hands. Dr. Tucker noted that Redmond suffered from rotator-cuff syndrome and kept him on light-duty work only. Dr. Tucker referred Redmond to Dr. Arthur for injections, but Redmond did not seek further treatment due to the expense.

In the October 7, 2009 order, the administrative law judge (ALJ) set forth the following findings of fact and conclusions of law:

1. There was an April 15, 2008 compensable injury.

2. The temporary total disability rate is $403.

3. The claimant has proven by a preponderance of the evidence that the additional medical [treatment] he requested is reasonable and necessary.

4. Respondents are liable for the reasonable and necessary medical benefits.

5. The claimant has proven by a preponderance of the evidence that he remained in his healing period and unable to earn wages from August 8, 2008, through a date to be determined.

The Commission affirmed and adopted the ALJ's opinion.

On appeal, we held that this conclusion lacked sufficient findings of fact for us to determine whether substantial evidence supported the decision to approve additional medical benefits. *Redmond, supra.* We stated that there was no question on appeal whether Redmond sought approval of a change-of-physician request: he did

not. *Id.* Rather, we stated that the issue was whether an exception to the change-of-physician rules applied in this case. *Id.* We noted that, while there is an exception to filing the change-of-physician forms under Arkansas Code Annotated section 11–9–514, when the claim has been controverted, this is governed by subsection (f) of the statute. *Id.* We held that the ALJ made no findings to support the application of this exception.

On remand before the ALJ, appellants sought to supplement the record with new evidence of a signed AR–N form,[1] which was not presented at the initial hearing held September 11, 2009. By an opinion filed December 3, 2010, the ALJ denied appellants' request, finding that the opportunity to present evidence and make a record was the date of the initial hearing. The ALJ further found that appellants failed to prove that Redmond was provided the change-of-physician (AR–N) form after the compensable injury occurred and that, based on this, Redmond was not required to file a change-of-physician petition to treat with a competent physician. Finally, the ALJ found that appellants were liable for Redmond's reasonable and necessary medical benefits; that Redmond proved by a preponderance of the evidence that he was entitled to temporary-total-disability benefits because he remained in his healing period and unable to earn wages from August 8, 2008, through a date to be determined; and that Redmond's attorney should receive the maximum statutory attorney's fee.

Appellants appealed to the Full Commission, which issued its opinion on April 27, 2011, affirming the ALJ's decision. In its own lengthy opinion, the Commission

1. The written notice most often utilized by employers is a Workers' Compensation Commission document entitled, "Form AR–N, Employer's Notice to Employee." The AR–N form, among other things, is a written notice to employees from employers outlining the employees' rights and responsibilities concerning a change-of-physician request.

found that appellants did not prove that the employer or carrier delivered to Redmond a copy of a notice explaining his rights and responsibilities concerning a change of physician. The Commission opined:

> [ ]The respondents on appeal assert that "it is beyond dispute that a signed AR–N is found in the Commission file." The Commission's file contains no such signed Form AR–N. Following the September 22, 2010 remand order and mandate from the Court of Appeals, the respondents proffered a Form AR–N, Employee's Notice of Injury. The proffered exhibit was not received by the Commission until November 16, 2010, and there has previously been no such exhibit in the record before the Full Commission or in the Commission's file.
>
> Ark.Code Ann. § 11–9–705(c)(1)(B) (Repl.2002) provides that each party shall present all evidence at the initial hearing. With regard to the issue of whether or not to allow submission of newly-discovered evidence, the Arkansas Supreme Court has set out the following prerequisites: "(1) Is the newly discovered evidence relevant? (2) Is it cumulative? (3) Would it change the result? (4) Was the movant diligent?" *Haygood v. Belcher*, 5 Ark.App. 127, 633 S.W.2d 391 (1982), *citing Mason v. Lauck*, 232 Ark. 891, 340 S.W.2d 575 (1960). In the present matter, the respondents seek to submit into the record what can only be characterized as newly-discovered evidence, a Form AR–N not received by the Commission until November 16, 2010. The Full Commission is unable to find that the respondents were diligent in proffering this evidence. The Full Commission therefore is constrained to find that the respondents did not deliver to the claimant a notice explaining the claimant's rights and responsibilities concerning change of physician. Since

the evidence of record shows that the respondents failed to give the claimant the change-of-physician form after his injury, the claimant was not required to petition the Commission in order to be treated by a competent doctor. *See Stephenson v. Tyson Foods, Inc.*, 70 Ark. App. 265, 19 S.W.3d 36 (2000).

. . . .

Based on our de novo review of the entire record currently before us, and in accordance with the mandate from the Arkansas Court of Appeals, the Full Commission finds that treatment provided by Dr. Puen and Dr. Tucker was reasonably necessary in accordance with Ark.Code Ann. § 11–9–508(a) (Repl. 2002). The claimant proved that he was entitled to at least one treatment evaluation by Dr. Arthur, as recommended by Dr. Tucker. The change of physician rules do not apply in the present matter, because the respondents did not prove that the claimant was furnished a copy of a notice explaining the claimant's rights and responsibilities concerning change of physician. The claimant proved that he was entitled to temporary total disability benefits beginning August 8, 2008 until a date yet to be determined.

From this decision, appellants filed a timely notice of appeal, and this appeal followed.

When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Redmond*, 2010 Ark. App. 629, at 4, 2010 WL 3685823. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether

we might have reached a different result or whether the evidence would have supported a contrary |₇finding; even if a preponderance of the evidence might indicate a contrary result, if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

Arkansas workers' compensation law provides that an employer shall promptly provide for an injured employee such medical treatment as may be reasonably necessary in connection with the injury received by the employee. Ark.Code Ann. § 11–9–508(a) (Supp.2009). The employer has the right to select the initial treating physician. Ark.Code Ann. § 11–9–514(a)(3)(A)(i). However, an employee may request a one-time change of physician. Ark.Code Ann. § 11–9–514(a)(2)(A), (a)(3)(A)(ii), (iii). When a claimant seeks a change of physician, he must petition the Commission for approval. *Stephenson, supra* (citing Ark.Code Ann. § 11–9–514(a)(2)(A) (Repl.1996)). Treatment or services furnished or prescribed by any physician other than the ones selected according to the change-of-physician rules, except emergency treatment, shall be at the claimant's expense. Ark.Code Ann. § 11–9–514(b) (Repl.2002).

The change-of-physician rules do not apply unless the employer satisfies the following condition:

> (c)(1) After being notified of an injury, the employer or insurance carrier shall deliver to the employee, in person or by certified or registered mail, return receipt requested, a copy of a notice, approved or prescribed by the commission, which explains the employee's rights and responsibilities concerning change of physician.

Ark.Code Ann. § 11–9–514(c)(1). Any unauthorized medical expense incurred after the employee has received a copy of the notice shall not be the responsibility of the employer. Ark.Code Ann. § 11–9–514(c)(3). If, however, after notice of injury, the employee is not furnished a copy of the notice after an injury, the change-of-physician rules do not apply. Ark. |₈Code Ann. § 11–9–514(c)(2); *Stephenson,* 70 Ark.App. at 272, 19 S.W.3d at 40–41 (holding that if an employer fails to give a claimant the Form AR–N after an injury, the claimant is not required to petition the Commission in order to be treated by a competent doctor).

We are to strictly construe the workers' compensation statutes, *see* Ark.Code Ann. § 11–9–704(c)(3) (Repl.2002), and strict construction requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.,* 341 Ark. 548, 26 S.W.3d 771 (2000).

### I. *Admission of Evidence*

Appellants first contend that the Commission erred by refusing to admit and consider the form AR–N that had been executed by appellee and offered into evidence on remand. Appellants argue that this court remanded the case with a limited mandate to make findings of fact on particular issues that had not been addressed in the Commission's first decision. These issues, appellants maintain, lacked factual findings in the Commission's decision because the parties did not contest them at the original hearing—hence the need for remand.

Appellants argue that this court concluded in the first appeal that the Commission lacked factual findings on whether an exception to the change-of-physician rules would apply. Appellants claim that there was never any question as to the existence of the executed form AR–N, whether Redmond was aware of his right to request a change-of-physician, or even whether the treatment was unauthorized. Specifically, they argue that Redmond never denied

receiving the form AR–N. They maintain that the issue was whether an exception applied.

Appellants contend that when the case was remanded, the Commission refused to hear evidence on the form AR–N issue, holding that appellants did not prove that a form was delivered to Redmond. Appellants argue that Commissioner McKinney points out in her dissent that it is not true that a form AR–N was never provided to Redmond and that it was not argued by Redmond that he did not receive the form. Thus, appellants assert that the Commission ignored clear evidence and denied them their right to be heard on the issue, citing *Arkansas Louisiana Gas Co. v. Grooms,* 10 Ark.App. 92, 661 S.W.2d 433 (1983), where we stated:

> We fully recognize that the function of the Commission is to conduct a fair and impartial hearing in a manner that will best ascertain the rights of the parties and that pleading and practice before the Commission is less formal and not governed by the stricter rules of procedure applicable to courts. Ark. Stat. Ann. § 81–1327 (Supp.1983). Subject to its own rules the Commission is given great latitude in this area. We do not mean to imply otherwise but we hold only that the Commission erred under the circumstances of this case when it based its decision on a finding of fact which was clearly not in issue or developed by the evidence without notice to the parties of its intent to do so and no opportunity to offer proof on that issue was afforded.

*Id.* at 101, 661 S.W.2d at 438–39.

Appellants argue that "[t]he Commission should be liberal, rather than stringent, about the admission of evidence." *Steak House v. Weigel,* 101 Ark. App. 81, 84, 270 S.W.3d 365, 367 (2007). Appellants contend that it is no error to admit relevant, probative evidence even after an initial hearing. *Id.* "The Commission is not bound by technical rules of evidence or procedure, but may conduct the hearing in a manner as would best ascertain the rights of the parties." *Brewer v. Tyson Foods, Inc.,* 10 Ark.App. 88, 90, 661 S.W.2d 423, 424 (1983); *see also Steak House, supra.* "The Commission must adhere to basic rules of fair play, such as recognizing the right of cross-examination and the necessity of having all the evidence in the record." *Steak House,* 101 Ark.App. at 85, 270 S.W.3d at 367. Appellants argue that the Commission's approach to this issue was stringent and effectively denied them the right to be heard.

Redmond points to the law relied on by the Commission in denying admission of the form AR–N. Arkansas Code Annotated section 11–9–705(c)(1)(B) (Repl. 2002) provides that each party shall present all evidence at the initial hearing. And *Haygood v. Belcher, supra,* sets forth the prerequisites for allowing submission of newly discovered evidence: (1) Is the evidence relevant? (2) Is it cumulative? (3) Would it change the result? (4) Was the movant diligent?

We note that the Commission has broad discretion with reference to the admission of evidence, and its decision will not be reversed absent a showing of abuse of discretion. *Coleman v. Pro Transp., Inc.,* 97 Ark.App. 338, 249 S.W.3d 149 (2007). Because appellants had ample opportunity to offer proof to support their case at the initial hearing before the ALJ and the evidence was not proffered until this court remanded the case on appeal, we hold that the Commission's determination, that appellants were not diligent, is not an abuse of discretion.

■ Appellants also contend that the Commission should have, at the very least, taken judicial notice of the executed form AR–N as advocated by Commissioner McKinney. The law of judicial notice is a part of the law of evidence, *see* Ark. R. Evid. 201 (2011), and the Arkansas Supreme Court has recognized the general applicability of the rules of judicial notice in proceedings before the Commission. *See St. Paul Ins. Co. v. Touzin*, 267 Ark. 539, 592 S.W.2d 447 (1980). A judicially noticed fact must be one not subject to reasonable dispute. Ark. R. Evid. 201(b).

■ Appellants claim that there is and was no reasonable dispute as to the form AR–N or the fact that Redmond received that form and was on notice of the change-of-physician rules. Therefore, appellants argue that the Commission erred by refusing to take judicial notice of this crucial piece of evidence proffered by them, and this warrants reversal of the Commission's decision. However, as the Commission stated in its April 27, 2011 opinion, its file "contains no such signed Form AR–N." This court remanded for further findings pertaining to Arkansas Code Annotated section 11–9–514, changing physicians. Based on the record before it, the Commission made those findings.

Appellants' request on appeal for the Commission to take judicial notice is similar to the argument made by the employer in *St. Edward Mercy Medical Center v. Phipps*, 2011 Ark. App. 497, 2011 WL 3925370. There, while the employer/appellant conceded that there was no form AR–N in the record on appeal, they argued that reversal was warranted because the signed form AR–N could be found in the Commission's file. *Id.* at 4. However, employer/appellant did not introduce the form into evidence; it did not incorporate the form by reference; it did not ask the Commission to take judicial notice of the

form; and it did not ask the claimant if she received and/or signed the form or whether she was advised of her right to seek a change of physician. *Id.* Further, there was no evidence of employer/appellant requesting the Commission to take judicial notice of the form. *Id.* Likewise, the appellants in the instant case failed to make their record on this issue at the initial hearing before the ALJ.

## II. *Additional Benefits*

The employer shall promptly provide for an injured employee such medical treatment as may be reasonably necessary in connection with the injury received by the employee. Ark.Code Ann. § 11–9–508(a). The burden is on the employee to prove by a preponderance of the evidence that additional medical treatment is reasonably necessary. *Fayetteville Sch. Dist. v. Kunzelman*, 93 Ark.App. 160, 217 S.W.3d 149 (2005). What constitutes reasonably necessary medical treatment is a question of fact for the Commission. *Hamilton v. Gregory Trucking*, 90 Ark.App. 248, 205 S.W.3d 181 (2005). To be entitled to temporary-total-disability benefits, the claimant must remain in his healing period and be unable to earn wages. *Ark. State Hwy. & Transp. Dep't v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981).

The award of additional benefits and temporary-total-disability benefits is affirmed. Relying on the Commission's evidentiary ruling disallowing admission of the form AR–N, the evidence of record shows that appellants failed to give Redmond the change-of-physician form after his injury; thus, Redmond was not required to petition the Commission in order to be treated by a competent doctor. After Redmond sustained the compensable injury on April 15, 2008, an acromioplasty of his right shoulder was performed on May 20, 2008. Dr. Smith pronounced

maximum medical improvement and released Redmond on July 14, 2008, but, one week later, Dr. Smith noted that Redmond was unable to flex his right elbow. However, further medical treatment was controverted by appellants, and Redmond presented |₁₃on his own to Dr. Puen. Redmond continues to be able to perform work only with his left hand. Based on this evidence before the Commission, substantial evidence supports its finding that additional medical treatment is reasonably necessary and that he remains within his healing period and unable to earn wages after August 8, 2008.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.