

Cite as 2013 Ark. App. 469

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-143

| | |
|---|---|
| CECIL B. SHELTON<br>APPELLANT | Opinion Delivered September 4, 2013 |
| V. | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G105497] |
| QUALSERV AND AMERICAN CASUALTY COMPANY<br>APPELLEES | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Cecil B. Shelton appeals the decision of the Arkansas Workers' Compensation Commission denying his claim for benefits associated with an injury he received during his employment with appellee Qualserv. The Commission found that Shelton had failed to prove a compensable injury because he was not performing employment services at the time of his accident. We affirm.

## I. *Facts*

Shelton, a fifteen-year employee of Qualserv, slipped and fell on some ice in the Qualserv parking lot and suffered a rotator-cuff tear to his left shoulder, which ultimately required surgery. The accident occurred midway through Shelton's thirty-minute lunch break while returning his lunch box to his car. At the time of the accident, Shelton was not being paid. He had not clocked out, as employees were not required to clock in or out during lunch breaks unless they left the Qualserv premises. However, he was not allowed

SLIP OPINION

to work by company policy. Qualserv did not require that he return his lunch box to his car. Shelton admits that he could leave his lunch box in the break room, but he placed it in his car so he would not have to retrieve it before he went home. At the time of the accident, he was following his normal routine, whereby he would eat his lunch, return his lunch box to his car, and then "rest for a bit" before returning to work. If the weather was nice, he rested outside; otherwise, he rested in the break room. He stated that his injury occurred while he was walking to his car.

Qualserv denied the compensability of the injury. The administrative law judge (ALJ) determined that Shelton had sustained a compensable left-shoulder injury and granted benefits. Qualserv appealed.

The Commission reversed the decision of the ALJ and denied benefits, finding that Shelton was not performing any activity required by his employer at the time of his injury and that his employer did not glean any benefit from Shelton's activity. Thus, the injury did not occur within the time and space boundaries of his employment and was not compensable. Shelton filed a timely appeal of the Commission's determination of noncompensability.

## II. *Standard of Review*

Our standard of review for workers' compensation claims is clear. We view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Hudak-Lee v. Baxter Cnty. Reg'l Hosp.*, 2011 Ark. 31, 378 S.W.3d 77. Substantial evidence is evidence that a reasonable mind might accept as

SLIP OPINION

adequate to support a conclusion. *Id.* Substantial evidence is "evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other." *Aluminum Co. of Am. v. McClendon*, 259 Ark. 675, 687, 535 S.W.2d 832, 838 (1976). On review, the issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding, if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *St. Joseph's Mercy Med. Ctr. v. Redmond*, 2012 Ark. App. 7, 388 S.W.3d 45. The Commission is required to weigh the evidence impartially without giving the benefit of the doubt to any party. *Keller v. L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992).

### III. *Analysis*

The sole issue on appeal is whether there was substantial evidence supporting the Commission's conclusion that Shelton was not performing employment services at the time of his injury. In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A compensable injury does not include an injury that is inflicted upon the employee at a time when employment services are not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). The phrase "in the course of employment" and the term "employment services" are not defined in the Workers' Compensation Act. *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008). Thus, it falls to the court to define these terms in a manner that neither broadens nor narrows the scope of the Act. *Id.*

An employee is performing employment services when he or she is doing something

3

that is generally required by his or her employer. *Id.*; *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Jivan v. Econ. Inn & Suites*, 370 Ark. 414, 260 S.W.3d 281 (2007). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.* In *Conner*, *supra*, we stated that, where it was clear that the injury occurred outside the time and space boundaries of employment, the critical inquiry is whether the interests of the employer were being directly or indirectly advanced by the employee at the time of the injury. Moreover, the issue of whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. *Id.*

Shelton asserts that, because he had remained on the work premises during his lunch hour and was returning to work at the time of the injury, he was within the time and space boundaries of his employment and was clearly advancing the interests of Qualserv. As such, the Commission's determination that he was not performing employment services at the time of his injury was erroneous. Our supreme court has previously recognized that an injury is compensable even when an employee was on break or had not yet clocked in as long as the employee was performing employment services at the time the injury occurred. *Hudak-Lee*, *supra* (holding that a hospital employee was performing employment services when she stepped outside for a break in order to revive herself with outside air so that she could

4

complete her shift); *Jonesboro Care & Rehab Ctr. v. Woods*, 2010 Ark. 482 (holding that an employee was performing employment services when she stepped outside for a break while attending a mandatory seminar and was required to wait afterward to complete paperwork and pick up her paycheck); *Conner, supra* (holding that an injury sustained by a janitor while opening a gate to a school parking lot upon returning from his lunch break was compensable because the janitor was performing employment services); *Wallace v. W. Fraser S., Inc.*, 365 Ark. 68, 225 S.W.3d 361 (2006) (holding that an employee injured while walking back to his work site after a break was performing employment services at the time of his injury particularly where he was not allowed to leave the workplace area during break); *Collins v. Excel Specialty Prods.*, 347 Ark. 811, 819, 69 S.W.3d 14, 20 (2002) (holding that an employee's injury, suffered while taking a restroom break, was compensable, because the "restroom break was a necessary function and directly or indirectly advanced the interests of the employer"); *White v. Georgia-Pac. Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999) (holding that an employee's injuries were compensable because the employee was required to monitor his work area while he was taking a smoke break and was thus performing employment services).

Those cases, however, are distinguishable from the case at bar. Here, Shelton was on his lunch break when the injury occurred. He was not required to stay on premises during his break, and he was not expected to perform any job-related duties during that time. Although he was not required to clock out if he stayed on premises, he did not receive any compensation for the time he was on break. At the time of the fall, his break was only half

5

over and he was returning to his car to deposit his lunch box. He did not intend to immediately return to work. Rather, Shelton testified that it was his normal practice (which he was following that day) to deposit his lunch box in his car and then rest—either in the break room or outside depending on the weather—until his break was over. Qualserv neither directly nor indirectly benefited from Shelton's actions. Shelton's actions were for his own convenience. Substantial evidence supports the Commission's finding that Shelton's shoulder injury did not occur within the time and space boundaries of his employment and, thus, was not compensable.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Michael Hamby, P.A.*, by: *Michael Hamby*, for appellant.

*The Barber Law Firm*, by: *Frank Newell* and *T. Kent Smith*, for appellees.

6