

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-238

| | | |
|---|---|---|
| JANICE C. TUCKER | | **Opinion Delivered** October 23, 2013 |
| | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F904217] |
| V. | | |
| BANK OF AMERICA | | |
| | APPELLEE | AFFIRMED |

### JOHN MAUZY PITTMAN, Judge

The appellant in this workers' compensation case was employed as branch manager of appellee Bank of America's main Little Rock location. While walking from the parking deck to her workplace on the morning of May 6, 2009, she slipped on wet stairs and broke her wrist. Her claim for benefits was denied based on a finding that she was not performing work services while entering the building because her superior testified that she was not assigned to the "opening team" that day. She appealed that decision to this court. In an opinion handed down on January 18, 2012, we concluded that the Arkansas Workers' Compensation Commission's findings were insufficient and remanded for further findings to be made on the question of whether, without regard to whether appellant was assigned to the opening team on the day of the accident, her actions were serving her employer's interest, directly or indirectly, at the time she was injured. *Tucker v. Bank of America*, 2012 Ark. App. 66.

SLIP OPINION

The Commission remanded to the administrative law judge, who found that appellant was not a credible witness and that she was simply en route to work, not performing any employment services, at the time of the injury. The Commission affirmed and adopted the ALJ's decision in an order filed January 24, 2013. This appeal followed.

Appellant argues two points on appeal: first, that the Commission's opinion is invalid because it adopted the conclusions of law of the ALJ, which were patently erroneous; and second, that the Commission's finding that appellant was not performing employment services at the time of her injury is not supported by substantial evidence. We affirm.

We do not agree that the conclusions of law arrived at by the ALJ were erroneous. The ALJ makes it clear that, in her personal opinion, the Workers' Compensation Act requires that the meaning of "performing employment services" should be construed strictly. Nevertheless, the ALJ's opinion recognizes that the Arkansas Supreme Court has overruled this definition of performing employment services in a series of opinions that equate "performing employment services" with "arising out of and in the course of" the employment. The ALJ cited *Pifer v. Single Source Transportation*, 347 Ark. 851, 69 S.W.3d 1 (2002), for the proposition that an employee is performing employment services when carrying out the employer's purpose or advancing the employer's interest directly or indirectly. Applying that definition to the activity that appellant was performing at the time of the accident, the ALJ expressly found that appellant was doing nothing but walking from the parking area to the employer's place of business at the time of the injury; that the employer had no control over the common area of the building where appellant fell; that no

employment services were expected from her in the common area where the accident happened; and that appellant was not performing a safety check, checking the building for lurking strangers or maintenance problems, supervising other employees, organizing work plans while en route, walking to a clock-in station, checking on the alarm, or acting as part of the opening team.

In reviewing the Commission's fact findings, we view the evidence in the light most favorable to the Commissio"s decision and affirm if the decision is supported by substantial evidence. *Shelton v. Qualserv*, 2013 Ark. App. 469. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion, *i.e.*, evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. *Id.* On review, the issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.* Here, the issue of what appellant was doing at the time of her injury was largely a matter of credibility, and on this record we cannot say that reasonable minds could not conclude that appellant was not performing employment services.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*George Bailey*, for appellant.

*Mayton, Newkirk & Jones*, by: *Eric Newkirk*, for appellees.