RHONDA K. WOOD, Judge, dissenting. I respectfully disagree with the majority’s decision reversing and remanding the Commission’s finding that the employer was due a $60,000 credit against the amount of benefits that the employer must pay to appellant. The majority writes that “[w]e cannot address the merits of her [appellant’s] argument at this time because the Commission failed to render adequate findings upon which we can perform appellate review.” The majority’s concern is that the Commission did not explain how appellant’s settlement for “lost wages” would equate to “full wages” under Arkansas Code Annotated Section ll-9-807(b), and they contend this is necessary for appellate review. The reason the Commission did not address the correlation between “lost wages,” the language in the settlement agreement, and “full wages,” the language required by statute, is because appellant did not raise this issue to the ALJ or the Commission. Notably, appellant has not even raised this issue on appeal. The long-standing precedent of this court is that we will not address issues raised for the first time on appeal nor will we raise issues on appellant’s behalf ourselves.[1] St. Edward Mercy Med. Ctr. v. Chrisman, 2012 Ark. App. 475, at 6, 422 S.W.3d 171, 175. It is for this reason that I dissent. 113The issue raised by appellant to the Commission and on appeal was that she did not intend for the $60,000 payment under the settlement agreement to be wages. In an appeal from a decision of the Commission, we review the evidence in the light most favorable to the Commission and affirm if there is substantial evidence to support the decision. Tucker v. Bank of Amer., 2013 Ark. App. 585, 2013 WL 5745033. If reasonable minds could reach the same conclusion as the Commission, we must affirm. Id. The settlement agreement stated that appellant would receive $60,000 for “lost wages.” Both appellant and appellee signed the agreement. Income taxes were withheld from the $60,000. These facts alone are substantial evidence for the Commission to find that the $60,000 settlement amount was for wages, thus entitling the employer for a credit under the statute. We have held that “full wages” are “the money rate paid to recompense services rendered.” St. Edward Mercy Med. Ctr. v. Howard, 2012 Ark. App. 673, at 6, 424 S.W.3d 881, 174-75. Viewing the evidence in the light most favorable to the Commission’s findings, one sees that the settlement agreement’s statement that the payment was for “lost wages” equated to payment of monies to compensate the appellant for employment services, our definition of “full wages.” It was for the Commission to determine the credibility of the appellant’s argument that she didn’t intend for the settlement to be wages. It is apparent the Commission placed greater weight on the written language of the settlement agreement than on appellant’s self-serving argument. Further explanation by the Commission on remand would not alter the substantial evidence supporting their decision on the issue on appeal— that the settlement monies were wages. | uFor the reasons stated above, I would affirm the Commission’s decision. Therefore, I dissent. PITTMAN, J., joins. . There are exceptions to this, but they are inapplicable in the present case.