SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-629

GEORGE STAUBER

APPELLANT

V.

CITY OF NORTH LITTLE ROCK
and DEATH & PERMANENT TOTAL
DISABILITY TRUST FUND

APPELLEES

**Opinion Delivered** February 4, 2015

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION
[NOS. G007120, G201978]

AFFIRMED

---

## M. MICHAEL KINARD, Judge

Appellant George Stauber sustained two compensable workers' compensation injuries while working as a heavy-equipment operator for appellee City of North Little Rock: a back injury in August 2010 and a right shoulder injury in June 2011. The City paid medical benefits and temporary-total disability benefits for an eleven-percent impairment rating to the body as a whole for his back injury and an eight-percent impairment rating to the body as a whole for his shoulder injury. Appellant filed a claim for permanent total-disability benefits, or, in the alternative, wage-loss benefits. After a hearing, an administrative law judge (ALJ) found that appellant had failed to establish permanent total disability. The ALJ awarded twelve-percent wage loss caused by his back injury and eight-percent wage loss caused by his shoulder injury. Appellant appealed to the Arkansas Workers' Compensation Commission, which affirmed and adopted the decision of the ALJ. Appellant now challenges

the sufficiency of the evidence to support the Commission's opinion.[1]  We affirm.

Appellant had back surgery in November 2010 for a large central-disc herniation.  He returned to light-duty work but was later diagnosed with a recurrent disc herniation.  A second back surgery was performed in July 2011.  Prior to being released from his doctor, appellant underwent a functional capacity evaluation (FCE) in October 2011.  The results of the FCE were invalid because appellant was found to have given inconsistent effort; however, he demonstrated the ability to perform in at least the light category of work.  In a letter noting the results of the FCE, appellant's back doctor stated that appellant anticipated being terminated and that he was going back on Social Security Disability benefits.

In February 2012, appellant was diagnosed with a rotator cuff tear and long-head biceps tendon tear resulting from his June 2011 work injury.  Surgery was performed in April 2012, although appellant was later found to have suffered a recurrent tear.  His doctor noted that appellant was not trying to go back to work because he was retired.  When he was released from his doctor in September 2012, appellant reported that he was satisfied with his condition and was "performing regular daily activities okay."  Appellant saw a pain medicine specialist, Dr. William Ackerman, four times between October 2012 and March 2013.  Dr. Ackerman opined that appellant was unable to return to gainful employment.

Heather Taylor, a vocational rehabilitation counselor, testified that, with appellant's

---

[1]Appellant also addresses in his brief an argument raised below by the Death and Permanent Total Disability Trust Fund concerning permanent total disability based on a combination of injuries.  This issue was not addressed by the Commission, and we will not address it on appeal.

limited educational background and job history as a heavy-equipment operator, his ability to return to work was significantly limited because he lacked any skills transferable to the light category of work. Relying on medical reports and appellant's FCE, Taylor reported that if he wanted to return to the workforce, he would likely be limited to unskilled or semi-skilled jobs in the light category of physical work demands, which typically paid $8.00 per hour on average. Appellant reported to Taylor that he was receiving Social Security Disability income and that he did not have any plans to return to the workforce as he did not think he would be physically able to do so.

Pursuant to Arkansas Code Annotated section 11-9-522, when a claimant has been assigned an anatomical impairment rating to the body as a whole, the Commission has the authority to increase the disability rating, and it can find a claimant totally and permanently disabled based upon wage-loss factors. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark. App. 228, 201 S.W.3d 449 (2005). The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Id.* The Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other matters affecting wage loss, such as the claimant's age, education, and work experience. *Id.* In considering factors that may affect an employee's future earning capacity, the court considers the claimant's motivation to return to work since a lack of interest or a negative attitude impedes our assessment of the claimant's loss of earning capacity. *Id.* Permanent total disability is the inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment. Ark. Code Ann. § 11-9-519(e)(1)

(Repl. 2012).

Appellant argues that his termination from the City is proof that he cannot earn meaningful wages in the same employment. He claims that his testimony that he made several job applications shows that he was motivated to return to work. He also cites his testimony concerning his pain and medication side-effects in arguing that he cannot work. Appellant argues that greater weight should be given to Dr. Ackerman's opinion that he could not work and to Taylor's opinion that he would earn only $8.00 per hour if he could find a job.

The Commission noted that appellant was fifty-seven years old at the time of the hearing, had not completed the eleventh grade, and did not have skills transferable into the light category of work. However, the Commission found that appellant's true functional capacity level was unknown because he gave unreliable effort in the FCE. Further evidence of appellant's lack of motivation to return to work was noted in his statements to his doctors and the vocational rehabilitation counselor that he was retired and not trying to go back to work. The Commission found that this impeded its ability to assess the full extent of appellant's current wage-earning capacity. The Commission considered Dr. Ackerman's and Taylor's opinions, but it found that Dr. Ackerman had admittedly not seen appellant's FCE and that Taylor relied on the invalid finding that appellant could only perform light-duty work.

It is well established that we defer to the Commission's findings of credibility and resolution of conflicting evidence. *Pruitt v. Community Development Institute Head Start*, 2013

Ark. App. 548. In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Lee*, *supra*. Substantial evidence exists if reasonable minds could reach the same conclusion. *Id*. The Commission exercised its duty to assess the weight and credibility of evidence regarding appellant's ability to earn meaningful wages. On this record, we cannot say that reasonable minds could not conclude that appellant failed to prove permanent total disability or entitlement to a greater amount of wage-loss benefits. Thus, we affirm.

Affirmed.

GRUBER and BROWN, JJ., agree.

*The McNeely Law Firm, PLLC*, by: *Steven R. McNeely*, for appellant.

*J. Chris Bradley*; and *Christy King*, for appellees.