

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–717

| | |
|---|---|
| GET RID OF IT ARKANSAS AND CHARTIS<br><br>APPELLANTS<br><br>V.<br><br>CURTIS GRAHAM<br><br>APPELLEE | **Opinion Delivered** February 10, 2016<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G102391]<br><br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Get Rid of It Arkansas (Get Rid of It), a sanitation company, appeals the June 1, 2015 decision of the Arkansas Workers' Compensation Commission (Commission) that reversed the administrative law judge's decision and awarded Curtis Graham additional medical treatment for a 2011 compensable injury. Get Rid of It claims error concerning the admission of additional medical evidence generated after the hearing before the administrative law judge. It contends that its rights of procedural due process were violated by the Commission's allowing the evidence into the record after the law judge rendered a decision; that the Commission acted outside its authority by allowing the evidence to be introduced without a remand; and that the Commission abused its discretion in allowing the evidence into the record after the case had been heard and decided by the law judge. Get Rid of It further contends that substantial evidence does not support the Commission's determination that Mr. Graham established entitlement to additional medical treatment. We affirm.

On March 18, 2011, Mr. Graham sustained the compensable injury to his left knee in a fall from the top of a dumpster; his foot "hung," and he twisted before landing on the ground. He received medical treatment including arthroscopic surgery of the knee in July 2011 by Dr. William Henceroth. On January 9, 2012, Dr. Henceroth determined that Mr. Graham had achieved maximum medical improvement; he was assigned a two percent permanent impairment rating and was released without restrictions regarding the knee. At a February 7, 2013 hearing before an administrative law judge, Mr. Graham claimed that he had also suffered a compensable back injury in the fall from the dumpster. The law judge denied the claim. The Commission affirmed in a decision entered on September 11, 2013.

Mr. Graham subsequently claimed that he was entitled to additional medical treatment for his left knee. Get Rid of It responded that all appropriate benefits had been paid and that "medical documentation does not support entitlement to additional medical treatment." At an August 28, 2014 hearing before the administrative law judge, Mr. Graham proffered a medical report reflecting that he had been treated at Reinhart Family Healthcare beginning on July 9, 2014, for complaints of knee pain and balance problems. Get Rid of It objected because the document had been submitted only three days before the hearing, thus violating a prehearing order for a "seven-day cutoff." The law judge reserved her ruling on whether to admit the additional evidence.[1] Mr. Graham testified that he continued to have knee pain

---

[1]Mr. Graham stated at the hearing that he did not object if Get Rid of It wanted extra time to determine whether it needed to take the physician's deposition. Get Rid of It responded that it "should not have to deal with the record three days before the hearing in any form or fashion" and that the prehearing order was "basically being ignored."

SLIP OPINION

and weakness, he could not balance, he could not put weight on the knee, and he had sustained no additional injuries to it. He testified that on July 9, 2014, Dr. Jeffrey Reinhart had injected the knee, given him (Graham) pain medications, and referred him to an orthopedic surgeon.

In a November 25, 2014 decision, the law judge allowed the late-filed medical report into the record but denied Mr. Graham's claim for additional medical treatment of the knee. She found that the only medical evidence supporting a need for additional treatment was the report reflecting that Dr. Reinhart had injected the knee in July 2014. She noted that Mr. Graham had not sought additional medical treatment for the left knee at the 2013 hearing; he had stated in a March 2012 deposition that he was using a cane for a hip injury from an unrelated motor-vehicle accident, which had occurred in November 2011; no additional medical treatment had been recommended for the compensable knee injury; and all medical bills for it had been paid. Mr. Graham appealed.

On January 16, 2015, after appellate briefs had been filed with the Commission, Mr. Graham filed a motion for introduction of additional evidence. Attached to his motion were four medical reports of treatment he had received following the August 28, 2014 hearing before the administrative law judge. The motion stated as follows:

> [Mr. Graham] was seen September 9, 2014, for a follow-up visit with his treating physician, Dr. Jeffery Reinhart. On his oath, counsel states that the report was not received in his office until December 18, 2014, . . . well after the hearing and also after the Administrative Law Judge's November 25, 2014 Opinion. . . . The record reflects Dr. Reinhart's referral to Dr. Ken Martin, the well-known Little Rock Orthopedic surgeon. Claimant requests the introduction of Exhibit A (attached).
>
> Exhibit B (attached) is the October 22, 2014, initial evaluation report of Dr.

Martin. This report did not exist until after the . . . Administrative Law Judge hearing. On his oath, counsel states that this report was not received in his office until January 2, 2015 . . . well after the hearing and well after the November 25, 2014 Administrative Law Judge Opinion was issued. . . .

Exhibit C (attached) is the operative note of Dr. Martin, reflecting the conduct of an arthroscopic knee surgery performed January 2, 2015. On his oath, counsel states that this report was not received in his office until January 16, 2015 (see fax date across top of record). The report did not exist prior to the hearing or the Administrative Law Judge's Opinion. . . .

Exhibit D is the surgical follow-up evaluation of January 8, 2015. This report was received by claimant's counsel January 16, 2015 (see fax date on top of report). It did not exist prior to the hearing or the Administrative Law Judge Opinion . . . .

Get Rid of It objected that Mr. Graham had shown no valid reason why the reports should be allowed into the record.[2]

On February 26, 2015, the Commission entered an order allowing the medical reports, noting that they did not exist at the time of the August 28, 2014 hearing before the law judge. The Commission directed the clerk to place the case on its submission docket. In its June 1, 2015 decision, the Commission found that the law judge's admission of the July 2014 medical report from Dr. Reinhart was proper. Regarding the newly discovered medical reports generated after the hearing, the Commission noted that Mr. Graham had a September 9, 2014 follow-up visit at Reinhart Family Healthcare for bilateral knee pain and subsequently was treated by Dr. Martin. The Commission's decision also included the following summary of Dr. Martin's reports:

Dr. Kenneth Martin examined the claimant on October 22, 2014:

---

[2]Get Rid of It did not request a continuance to conduct discovery of these reports.

SLIP OPINION

> Mr. Graham is a 63 yo male who c/o left knee pain for 3.5 years duration. Patient denies any specific injury at this time but continued pain. Patient had knee arthroscopy by doctor in Mississippi in 2011 for likely meniscal tears . . . . Patient is now retired and has pain along Medial Joint Line that keeps him awake at night and prevents him from performing ADLs . . . . He is currently having instability causing falls which is his primary reason for coming to orthopedic doctor today. . . .

Dr. Martin reported a mild effusion in the claimant's left knee. Dr. Martin's impression was "Left knee pain/instability. Plan: 1. MRI of left knee to r/o any internal derangement or soft tissue injury and to grade cartilage damage at this time. 2. Physical Therapy referral for quad strengthening." An x-ray was done on October 22, 2014: "AP full weightbearing, lateral, Rosenberg, and Merchant views of the left knee reveal joint space narrowing medially, small osteophytes on the tibial eminence, minimal sclerosis on the patella, a lateral tilt, and mild subluxation on the Merchant view."

An x-ray was done on October 22, 2014: "AP full weightbearing, lateral, Rosenberg, and Merchant views of the left reveal joint space narrowing medially, small osteophytes on the tibial eminence, minimal sclerosis on the patella, a lateral tilt, and mild subluxation on the Merchant view."

The Commission noted that Mr. Graham was appealing the law judge's November 2014 denial of the claim for additional medical treatment of the left knee. The Commission noted Dr. Martin's January 2, 2015 medical report stating that Mr. Graham—with his history of medial joint line pain, persistent pain medially following past arthroscopy, and continued discomfort—was again a candidate for arthroscopy. The Commission noted the January 2, 2015 surgery performed by Dr. Martin—arthroscopic partial medial meniscectomy and limited synovectomy—and noted the postoperative diagnosis of torn medial meniscus, synovitis with suprapatellar plica, and Grade II medial compartment chondromalacia. Based on its de novo review of the entire record, the Commission found that Mr. Graham had proved that he was entitled to additional medical treatment and had proved that the treatment



provided by Dr. Martin, including the 2015 surgery, was reasonably necessary in connection with the 2011 compensable injury.

## I. *Introduction of Additional Evidence*

Get Rid of It contends that its constitutional rights of procedural due process and entitlement to a full and fair adjudication were violated by the Commission's action in allowing the admission of evidence that was generated after the hearing before the law judge and after briefs had been filed with the Commission. It argues that it was left without opportunity to investigate, develop, or otherwise challenge the records. Arguments are not preserved for appellate review, however, when no ruling was obtained from the Commission. *Trejo v. Meeks Lumber Co.*, 2015 Ark. App. 649, at 2. Because Get Rid of It obtained no ruling from the Commission on the issue of due process, the issue is not preserved for our review.

Get Rid of It also argues that the Commission acted outside its statutory authority and abused its discretion in allowing the newly generated medical reports to be introduced. Get Rid of It notes that Mr. Graham furnished the medical reports only three days before the hearing, that he did not request a separate hearing for the purpose of introducing them as additional evidence, and that the Commission did not order a hearing for the purpose of introducing additional evidence. Specifically, Get Rid of It argues that Mr. Graham "did not request a hearing *as required by statute*." (Emphasis added.) This is an incorrect statement of law.

Even when a party fails to meet the statutory requirement of furnishing the opposing

party and the Commission with physicians' written reports seven days prior to a hearing, introduction of the reports may be allowed at the discretion of the hearing officer or the Commission. Ark. Code Ann. § 11-9-705(c)(2)(A), (c)(3) (Repl. 2012). *See also* Ark. Code Ann. § 11-9-704(b)(7) stating that the Commission "may remand" any case before it "to a single member of the Commission or administrative law judge . . . for the purpose of taking additional evidence"; Ark. Code Ann. § 11-9-705(c)(1)(B), (C) (allowing, at the discretion of the hearing officer or Commission, a further hearing for the purpose of introducing additional evidence when a party has not complied with the statutory requirement of presenting all evidence at the initial hearing on a controverted claim). There was no statutory requirement that Mr. Graham request a hearing on the introduction of additional evidence or that the Commission conduct such a hearing before allowing the introduction of the newly generated medical reports into the record. Furthermore, Get Rid of It did not obtain a ruling on this issue.

A motion to present new evidence should be granted when the movant was diligent in presenting it and the evidence is relevant, not cumulative, and would change the result of the case. *St. Joseph's Mercy Med. Ctr. v. Redmond*, 2012 Ark. App. 7, at 10, 388 S.W.3d 45, 51; *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 86, 250 S.W.3d 263, 276 (2007) (citing *Hargis Transp. v. Chesser*, 87 Ark. App. 301, 190 S.W.3d 309 (2004)). The Commission should be more liberal, rather than more stringent, with the admission of evidence, and its decision will not be reversed absent a showing of abuse of discretion. *Coleman v. Pro Transp., Inc.*, 97 Ark. App. 338, 345 S.W.3d 149, 154 (2007) (citing *Bryant v. Staffmark, Inc.*, 76 Ark.

App. 64, 61 S.W.3d 856 (2001)).

In its June 1, 2015 decision, the Commission noted that it is given broad discretion in the admission of evidence; noted its duty to be liberal rather than strict regarding the admission of evidence; and noted the statutory directive that it "shall not be bound by technical or statutory rules of evidence," but may make such investigation or inquiry, or conduct the hearing "in a manner as will best ascertain the rights of the parties." *See* Ark. Code Ann. § 11-9-705(a). The Commission found that Mr. Graham was diligent in presenting medical exhibits that did not exist at the time of the hearing before the law judge. It further found that the medical documents were relevant, were not cumulative, and could change the result of the case. On this basis, the Commission allowed them to be admitted into evidence.

Get Rid of It argues that Mr. Graham was not diligent in requesting further proceedings after the hearing before the law judge; that he, rather than his attorney, was the movant in requesting further proceedings for the introduction of additional evidence; and that the Commission improperly focused its analysis on the diligence of his attorney, rather than Mr. Graham, in deciding the issue of diligence. Whether the claimant was diligent in obtaining relevant evidence is the Commission's province to determine. *Fred's Stores of Tenn., Inc. v. Ely*, 2012 Ark. App. 238, at 6.

Regarding the argument that Mr. Graham was the movant rather than his attorney, we again state that we will not address an issue when no ruling was obtained from the Commission. The medical reports at issue, having not been known before, were undeniably

not cumulative. They were relevant, particularly regarding Dr. Martin's evaluation of Mr. Graham's continuing left-knee pain and the resultant surgery. As was subsequently shown by the Commission's reversal of the denial of this claim, the reports changed the outcome of the case. The Commission has broad discretion with reference to the admission of evidence, and it should be liberal in making those decisions. *Coleman*, *supra*. We find that the Commission did not abuse its discretion in admitting the newly generated medical records as additional evidence in this case.

## II. *Reasonably Necessary and Related Medical Treatment*

Get Rid of It contends that the Commission's determination that Mr. Graham established entitlement to additional medical treatment is not supported by substantial evidence. Get Rid of It points to the period from January 2012, when the initial surgeon last treated Mr. Graham, until July 2014, when he again sought treatment. Get Rid of It argues that there is no causal link between the 2014–15 treatment and the 2011 injury and that Mr. Graham's claim of ongoing symptoms is undermined by his various actions and statements—such as representing to Workforce Services that he had no disabilities associated with his knee to prevent his working full time.

The employer shall promptly provide for an injured employee such medical services as may be reasonably necessary in connection with the injury received by the employee. Ark. Code Ann. § 11-9-508(a). What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact. *Hamilton v. Gregory Trucking*, 90

Ark. App. 248, 205 S.W.3d 181 (2005). We defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Welcher v. Davis Nursing Home*, 2009 Ark. App. 831.

Here, the Commission noted that Mr. Graham was released from medical care with a two percent permanent impairment rating in 2012 after undergoing surgery for a torn meniscus; that he contended that he continued to suffer chronic pain and instability; and that Dr. Martin's postoperative report of January 2015 included "torn meniscus." The Commission wrote,

> There is no indication in the record that the torn meniscus discovered by Dr. Martin was causally related to any circumstance other than the original 2011 injury. The respondents argue that the claimant waited too long to seek additional medical treatment, but the claimant correctly argues that the respondents did not raise a statute of limitations defense.

It is well established that we defer to the Commission's findings of credibility and resolution of conflicting evidence. *Stauber v. City of North Little Rock*, 2015 Ark. App. 54, at 5. On appellate review, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Id.* Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.*

Here, the Commission assessed the weight and credibility of evidence regarding Mr. Graham's continued symptoms after his release from medical care following the first knee surgery and his need for additional medical treatment in 2014–15. Get Rid of It's arguments go to the weight of the evidence, the interpretation of medical evidence, and the credibility

of Mr. Graham's testimony—which are matters for the Commission rather than the appellate court. Viewing the evidence in the light most favorable to the findings of the Commission, we hold that its decision to award Mr. Graham's claim for additional medical care is supported by substantial evidence.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellants.

*Gary Davis*, for appellee.