SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–16–797

| | |
|---|---|
| DANIEL R. MILLS<br>APPELLANT | **Opinion Delivered:** March 8, 2017 |
| V. | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G207516] |
| AEROCARE HOLDINGS, INC., AND STANDARD FIRE INSURANCE COMPANY<br>APPELLEES | AFFIRMED |

**RITA W. GRUBER, Chief Judge**

This is a workers' compensation case. Daniel R. Mills, a respiratory therapist for Aerocare Holdings, Inc., sustained a compensable injury to his left shoulder in June 2012 while lifting a 200-pound tank of liquid oxygen. On September 25, 2012, he underwent left-shoulder arthroscopic surgery with subacromial decompression and distal clavicle resection by orthopedic surgeon Dr. Russ B. Rauls. Mr. Mills later received occupational therapy, was released by Dr. Rauls to work with lifting restrictions, and—on March 20, 2013—was released to full duty without restrictions. Mr. Mills's work with Aerocare ended a month later due to staffing changes. He was granted a one-time change of physicians to Dr. Christopher A. Arnold, who saw him in November 2013 for an initial office visit.

On November 18, 2015, an administrative law judge conducted a hearing on controverted issues in this case. By written opinion, the law judge rejected Mr. Mills's claims that the Arkansas Workers' Compensation Act is unconstitutional and that he was entitled to

SLIP OPINION

additional medical treatment for the left shoulder and to related benefits. The Arkansas Workers' Compensation Commission adopted and affirmed the law judge's opinion. Mr. Mills appeals, raising two points: (1) a second left-shoulder procedure, as recommended by Dr. Arnold, is reasonable and necessary medical treatment, and (2) our workers' compensation law is unconstitutional. We affirm.

## I. *Additional Medical Treatment*

The employer shall promptly provide for an injured employee such medical services as may be reasonably necessary in connection with the employee's injury. Ark. Code Ann. § 11-9-508(a) (Repl. 2012). What constitutes reasonably necessary treatment is a question of fact for the Commission, whose duty is to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact. *Bennett v. Tyson Poultry, Inc.*, 2016 Ark. App. 479, at 3–4, 504 S.W.3d 653, 656.[1] When the primary injury is shown to have arisen out of and in the course of employment, the employer is responsible for any natural consequence that flows from that injury. *Nichols v. Omaha Sch. Dist.*, 2010 Ark. App. 194, at 5, 374 S.W.3d 148, 151.

The burden is on the employee to establish, by a preponderance of the evidence, a causal connection between the injury and the consequences of such. *Id.* at 5–6, 374 S.W.3d at 151; *see* Ark. Code Ann. § 11-9-705(a)(3). When the Commission denies benefits because

---

[1]Contrary to assertions in Aerocare's brief, neither objective evidence nor a doctor's opinion is required before the Commission may determine that further medical treatment is reasonably necessary in connection with a work injury. *Butler v. Lake Hamilton Sch. Dist.*, 2013 Ark. App. 703, at 8, 430 S.W.3d 831, 836.

the claimant has failed to meet his or her burden of proof by a preponderance of the evidence, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Jordan v. Home Depot, Inc.*, 2013 Ark. App. 572, 430 S.W.3d 136. We review the evidence in the light most favorable to the Commission's findings and will affirm if those findings are supported by substantial evidence; we defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Bennett*, 2016 Ark. App. 479, at 2–3, 504 S.W.3d at 656; *We Get Rid of It Ark. v. Graham*, 2016 Ark. App. 88, at 10.

In denying Mills's claim for additional treatment by Dr. Arnold, the Commission reasoned as follows:

> Dr. Rauls, the treating physician released the claimant with full duty and no restrictions on the 20th day of March, 2013, after a left shoulder injury. Dr. Arnold opined on November 19, [2013], in referring to the left shoulder, that I would do surgery if the claimant returns "but" if he gets relief [from an injection administered that day] and it stays away for good, I would not do surgery. It then appears from the record that the claimant did have the opportunity to return to Dr. Arnold, but the discussion with Dr. Arnold was about the right shoulder and there appears to be no record regarding the left shoulder. Also, claimant's testimony states that he went to the VA and there was inflammation of the shoulder but apparently they felt that there was not sufficient findings to go ahead and perform an MRI. Finally, the bilateral strength evaluation that was performed with a side to side comparison actually showed the left side to be stronger.

The Commission's opinion summarized Mr. Mills's medical treatment from the June 2012 injury through return visits to Dr. Arnold in August 2014. Dr. Rauls ordered an MRI, which was performed on June 19, 2012, and interpreted by Dr. Kyle McAlister. In his radiology report, Dr. McAlister dictated this impression: "Impingement on the rotator cuff by degenerative changes of the acromioclavicular (AC) joint and large inferior bony spurs, but

I do not see a tear of the rotator cuff, although there is certainly tendonosis of the rotator cuff present." Dr. Rauls wrote on July 12, 2012, that Mr. Mills had "impingement syndrome, biceps tendonitis, and a SLAP (superior labrum anterior to posterior) tear," which Dr. Rauls believed to be a direct result of an on-the-job injury. Dr. Rauls's surgical report of September 25, 2012, stated that "superior labrum had some mild fraying but overall looked pretty good. Had some mild inflammation of his capsule. His articular and bursal rotator cuff looked good. We did a decompression of the distal clavicle." Both Dr. Rauls and the occupational therapist signed the notes of a May 23, 2013 impairment examination: "A bilateral static strength evaluation was performed for a side to side strength comparison. The left side was found to be stronger that the non-affected right. No strength impairment was, therefore, assigned." The Commission reviewed an office visit of November 19, 2013:

> [T]he claimant presented to Dr. Chris Arnold with left-shoulder pain. Dr. Arnold's report provided negative for crepitus, joint instability, joint locking, joint tenderness, limping, popping and spasms but positive for decreased mobility and weakness. The report further provided that right shoulder strength was normal but there was weakness in the left shoulder and consequently, an arthrocentesis was performed for rotator cuff tendonitis and Doctor Arnold stated that if he gets complete relief and it stays away for good then I would not do surgery, but if it comes back as anticipated, I would recommend repeat arthroscopy, acromioplasty, and distal clavical resection.

Finally, the Commission noted Mr. Mills's complaints of right-shoulder pain at his August 5, 2014 visit to Dr. Arnold, which Dr. Arnold attributed to a right rotator-cuff tear.

Mr. Mills suggests on appeal, as he did below, that the initial surgery failed. He disputes the Commission's view that Dr. Arnold would not perform surgery if Mr. Mills obtained relief after the injection and his symptoms "stayed away." He asserts that his continued left-shoulder symptoms led to his change of physicians and that Dr. Arnold

4

recommended a repeat shoulder arthroscopy based on Mr. Mills's continuing complaints of left-shoulder problems. Mr. Mills asserts that his focus on right-shoulder complaints when he returned to Dr. Arnold was due to right-shoulder overuse, simply reinforcing the fact that his left-shoulder problems continued. He asserts that whether or not the VA decided to proceed with an MRI should have no impact on his case.

Mr. Mills relies on the dissenting commissioner's opinion that the November 2013 left-shoulder symptoms were identical to those in his medical records from the time of his June 2012 injury through his March 2013 release to work; that his symptoms increased each time he returned to work after his injury; and that his need for right-shoulder treatment, due to overuse in compensation for the symptoms present in his left shoulder, clearly showed that he continued to have left-shoulder symptoms. He asserts that the timing of his treatment and evaluation by Dr. Arnold, and the fact that Dr. Arnold's recommended surgical repair of the left shoulder had not been performed, were due to the fact that Mr. Mills had to finance the treatment after the first visit, which was guaranteed through our statutory change-of-physician process. *See* Ark. Code Ann. § 11-9-514 (Repl. 2012). He asserts that there had been no shoulder problems before the June 2012 accident and that his accident was the only factor in his need for treatment.

Mr. Mills's arguments regarding the cause of his need for additional treatment and surgery go to the weight and interpretation of medical evidence and the credibility of his testimony. The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds

could reach the Commission's conclusion. *Thompson v. Mountain Home Good Samaritan Vill.*, 2014 Ark. App. 493, 442 S.W.3d 873. In the present case, we hold that the Commission's opinion displays a substantial basis for the denial of Mr. Mills's claim for additional medical treatment by Dr. Arnold.

II. *Constitutionality of the Arkansas Workers' Compensation Act*

The Commission, affirming the decision of the administrative law judge, denied Mr. Mills's "Motion to Recuse[2] and Notice of Intent to Introduce Evidence at Hearing," in which he argued that the provisions of the Arkansas Workers' Compensation Act providing for the establishment of administrative law judges are unconstitutional. Noting that this court has soundly rejected identical arguments in *Sykes v. King Ready Mix, Inc.*, 2011 Ark. App. 271; *Rippe v. Delbert Hooten Logging*, 100 Ark. App. 227, 266 S.W.3d 217 (2007); and *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 250 S.W.3d 263 (2007), the Commission denied Mr. Mills's motion and found the constitutional challenges to be without merit. His attorney does not acknowledge these precedents or subsequent cases, much less make any attempt to distinguish them or present any argument that they should be overruled. *See Johnson v. Batesville Nursing & Rehab.*, 2011 Ark. App. 518, at 1 n1. We affirm the Commission's denial of Mr. Mills's motion for recusal and the Commission's finding that his constitutional challenges lack merit.

---

[2]The motion asked for the recusal and disqualification of "all ALJs currently serving the Commission as well as the Commission" from participating in his claim because of "threats either directly made or known to be the policy of the Governor who threatens the job security of all ALJs."

Affirmed.

KLAPPENBACH and GLOVER, JJ., agree.

*Frederick S. "Rick" Spencer*, for appellant.

*James M. Ryburn*, for appellees.