Cite as 2020 Ark. App. 149

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-802

|  |  |
|---|---|
| | **Opinion Delivered:** February 26, 2020 |
| SEARCY SCHOOL DISTRICT AND ARKANSAS SCHOOL BOARDS ASSOCIATION<br>APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | [NO. G803125] |
| BOBBY ALLEN<br>APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

This is a workers'-compensation case. The appellants, Searcy School District and Arkansas School Boards Association, appeal the decision of the Arkansas Workers' Compensation Commission (the Commission) awarding the appellee, Bobby Allen, medical treatment and temporary total disability for an injury he suffered on February 8, 2018, while working as a grounds and maintenance person for the school district. We affirm.

On February 8, Allen was performing custodial work when, while trying to lift a large (estimated over one-hundred pounds) battery, he hurt his back. The appellants stipulated that a back strain occurred as a result of this incident. Allen was treated at Sherwood Urgent Care the day after the injury and diagnosed with a sprained back. He was returned to light-duty work. On February 19, Allen returned to full-duty work. He completed physical therapy on March 6 and rated his pain as a 0 out of 10.

Allen continued to perform at full duty for the next two months. He testified that on April 19, he went to the Unity Health Clinic for pain in his hip and back. He testified that he was diagnosed with gout, but that the medicine did not help, and he went to the emergency room on April 22, with sharp pain in his lower back and hip. He went back to Sherwood Urgent Care on April 24. The note from that visit indicates that "[p]atient comes in today for a follow-up on Back pain, Work Comp and Back Injury. . . . He hurt his back in Feb while at work and this appears to be a continuation of the original injury. The pain restarted 4/17/18 . . . . he is not able to work due to severe pain."

Allen was taken off work on April 27, and he began treating with Arkansas Specialty Orthopedics in May. An MRI on June 10 revealed degenerative disc disease at L4–5 with a posterior disc bulge and a disc protrusion. He was recommended for back surgery. Dr. Wayne Bruffett performed back surgery on Allen on June 19. Allen testified that the back surgery afforded him relief and he was able to return to work at full duty.

When asked if the injuries for which Dr. Bruffett treated Allen were, within a reasonable degree of medical certainty, caused by the February 8, 2018 work-related injury, Dr. Bruffett answered yes.

The appellants accepted only that a lower-back strain occurred as a result of the February 8, 2018, incident. The main issue was whether the injury for which Allen was later treated by Dr. Bruffett was a compensable injury. On May 20, 2019, the administrative law judge presiding over the case issued an opinion finding that Allen did not prove by a preponderance of the evidence that he sustained a compensable lumbar spine injury. On appeal, the Commission reversed the administrative law judge's opinion and found instead

that Allen did suffer a compensable injury and was entitled to medical and disability benefits. This appeal followed.

On appeal, the appellants argue that the Commission (1) impermissibly shifted the burden of proof to the appellants regarding whether Allen suffered a new injury; (2) erred in finding the nurse's April 24, 2018 report probative; and (3) erred in finding that the lumbar annular tear and herniated disc at L4–5 were causally related to the February 8 injury. The appellants' last two points are interrelated and will be discussed together.

I. *Burden Shifting*

Arkansas Code Annotated section 11-9-508(a) (Supp. 2019) requires an employer to provide an injured employee such medical services as may be reasonably necessary in connection with the injury received by the employee. When the primary injury is shown to have arisen out of and in the course of employment, the employer is responsible for any natural consequence that flows from that injury. *Nichols v. Omaha Sch. Dist.*, 2010 Ark. App. 194, 374 S.W.3d 148. However, for this rule to apply, the basic test is whether there is a causal connection between the injury and the consequences of such. *Id.* The burden is on the employee to establish the necessary causal connection. *Id.* Whether a causal connection exists between two episodes is a question of fact for the Commission. *Jeter v. B.R. McGinty Mech.*, 63 Ark. App. 53, 968 S.W.2d 645 (1998).

The appellants contend that the Commission shifted the burden to them to prove that Allen sustained a new injury, rather than requiring Allen to prove a causal relationship between his symptoms in late April 2018 and his compensable injury of February 8, 2018.

They claim the Commission did so when it "determined that 'probative evidence of record supports neither of the respondent's arguments.'"

To begin, the discussion from which the appellants cherry-pick their language reads as follows:

> The respondents argue that the claimant "was released at maximum medical improvement on February 19, 2018." The respondents also argue that the claimant "reinjured himself" at home in approximately April 2018. The probative evidence of record supports neither of the respondents' arguments. The evidence shows that the claimant indeed complained of pain symptoms at home on April 19, 2018 and April 22, 2018.
>
> Nevertheless, the evidence does not demonstrate that these pain symptoms were the result of a "lifting injury" or any other nonwork-related occurrence in the claimant's home. The claimant, who the Full Commission has determined was a credible witness, testified that he did not injure his back at home at any time after the stipulated February 8, 2018 compensable injury.

After review, it does not appear that, by virtue of considering and discussing the appellants' arguments, the Commission shifted any burden of proof to them. Moreover, the Commission set out the law correctly in its opinion, stating that "[t]he employee has the burden of proving by a preponderance of the evidence that he sustained a compensable injury."

## II. *Sufficiency of the Evidence*

The appellants' remaining arguments challenge the sufficiency of the evidence. We review Commission decisions to determine whether there is any substantial evidence to support them. *Towler v. Tyson Poultry, Inc.*, 2012 Ark. App. 546, at 2, 423 S.W.3d 664, 666. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. We review the evidence and all reasonable inferences deducible

4

therefrom in the light most favorable to the Commission's findings. *Id*. The Commission is the ultimate arbiter of weight and credibility. *Id*.

When a primary injury is shown to have arisen out of and in the course of employment, the employer is responsible for every natural consequence that flows from that injury. *McDonald Equip. Co. v. Turner*, 26 Ark. App. 264, 266, 766 S.W.2d 936, 937 (1989). There must be a causal connection from the continued treatment and the initial work injury. *Air Compressor Equip. Co. v. Sword*, 69 Ark. App. 162, 167, 11 S.W.3d 1, 4 (2000). Medical opinions addressing compensability must be stated in terms expressing the medical expert's reasonable certainty that the claimant's internal or external physical harm was caused by the accidental injury. *Serv. Chevrolet v. Atwood*, 61 Ark. App. 190, 196, 966 S.W.2d 909, 913 (1998). Whether there is a causal connection is a question of fact for the Commission. *Sword*, 69 Ark. App. at 168, 11 S.W.3d at 4.

Allen testified that he sustained an injury on the job and that he did not sustain an injury anywhere else, and the Commission found that he was a credible witness. Dr. Bruffett opined "within a reasonable degree of medical certainty" that Allen's herniated disc was caused by the trauma of his work-related injury. Dr. Bruffett repeated his opinion in his response to a letter from appellants' counsel in which he again stated within a reasonable degree of medical certainty that the appellee's herniated disc was caused by the stipulated injury. The Commission found that Dr. Bruffett's causation opinion is credible, supported by the record, and entitled to significant evidentiary weight.

The appellants spend some time drawing attention to Allen's physical-therapy records, which state that Allen's pain level reduced to 0/10. He acknowledged that physical

5

therapy helped with his symptoms, but he also testified that after physical therapy was completed, his pain returned and continued. His symptoms did not completely resolve until the surgery from Dr. Bruffett corrected his injuries.

The appellants contend it was erroneous for the Commission to consider both Dr. Bruffett's opinion on causation and the nurse practitioner's April 24 report as probative evidence.

Regarding Dr. Bruffett's opinion, they argue that it cannot be properly considered probative because, when asked to provide a short, written explanation for his opinion that Allen's injuries were caused by the February 8, 2018 injury, he wrote, "Sit down and talk to him and his wife. They both seem like very honest people. That's what I remember most, the look on his wife's face while he told me the story." However, the same opinion provided that in response to a prompt asking him to review medical records that demonstrate Allen's condition improving, if he was "able to state within a reasonable degree of medical certainty that the herniated disk that you treated and removed was caused by the February 9, 2018 work related injury," he answered "Yes." The appellants would have us reweigh the evidence and give more weight to that which favors their desired outcome. Our court is powerless to reweigh the evidence. *Davenport v. Wal-Mart Stores, Inc.*, 2018 Ark. App. 494, at 11, 558 S.W.3d 436, 442.

Likewise, with the nurse's report, the appellants argue that because it did not make any findings or state any opinion as to whether Allen had continuous pain, the whole record then fails to contain sufficient evidence to support Allen's claim that the pain was a continuation of the original injury. The appellants' argument is misplaced. The Commission

6

has the duty of weighing medical evidence. *Williams v. Ark. Dep't of Cmty. Corr.*, 2016 Ark. App. 427, at 6, 502 S.W.3d 530, 534. It also has the authority to determine the medical soundness and probative force of medical opinion. *Green Bay Packaging v. Bartlett*, 67 Ark. App. 332, 999 S.W.2d 692 (1999).

Here, the Commission made detailed findings explaining why and how it concluded that Allen was entitled to medical treatment and compensation for his back injury. One of those findings, in a list of many, was the nurse's report. That report demonstrates that Allen did not assert to a medical professional that he had reinjured himself in some other way and that the last thing he remembered doing to hurt his back was lifting the battery. The Commission found Allen very credible, and that report bolstered his credibility to the Commission. It is squarely within the Commission's jurisdiction to weigh all the evidence before it and assign it whatever probative value it chooses.

Finally, the appellants contend that the Commission "ignored evidence" that Allen had reached maximum medical improvement when he was released from medical care on February 19, 2018.

Maximum medical improvement occurs when the healing period ends. The healing period is that period for healing of the injury that continues until the employee is as far restored as the permanent character of the injury will permit. *Ark. Highway & Transp. Dep't v. McWilliams*, 41 Ark. App. 1, 7, 846 S.W.2d 670, 674 (1993). If the underlying condition causing the disability has become more stable and if nothing further in the way of treatment will improve that condition, the healing period has ended. *Id.* The determination of when the healing period ends is a factual determination to be made by the Commission. *Id.*

7

Here, the Commission specifically found—and the record supports—that "the claimant indeed complained of pain symptoms at home on April 19, 2018 and April 22, 2018." It is true that the persistence of pain may not in itself prevent a finding that the healing period is over, provided that the underlying condition has stabilized. *Mad Butcher, Inc. v. Parker*, 4 Ark. App. 124, 132, 628 S.W.2d 582, 586 (1982). In this case, however, the underlying condition—the lumbar annular tear and herniated disc—had not yet been repaired and thus was not stabilized at the date the appellants suggest maximum medical improvement should have been reached.

In reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, we hold that substantial evidence supports the Commission's decision.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Barber Law Firm PLLC*, by: *Karen H. McKinney*, for appellants.

*Rainwater, Holt & Sexton, P.A.*, by: *Kolton Jones*, for appellee.